# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 3:20-CV-215

JIM BOGNET; DONALD K. MILLER; DEBRA MILLER; ALAN CLARK; AND JENNIFER CLARK

        Plaintiffs,

    v.

KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, ADAMS COUNTY BOARD OF ELECTIONS, ALLEGHENY COUNTY BOARD OF ELECTIONS, ARMSTRONG COUNTY BOARD OF ELECTIONS, BEAVER COUNTY BOARD OF ELECTIONS, BEDFORD COUNTY BOARD OF ELECTIONS, BERKS COUNTY BOARD OF ELECTIONS, BLAIR COUNTY BOARD OF ELECTIONS, BRADFORD COUNTY BOARD OF ELECTIONS, BUCKS COUNTY BOARD OF ELECTIONS, BUTLER COUNTY BOARD OF ELECTIONS, CAMBRIA COUNTY BOARD OF ELECTIONS, CAMERON COUNTY BOARD OF ELECTIONS, CARBON COUNTY BOARD OF ELECTIONS, CENTRE COUNTY BOARD OF ELECTIONS, CHESTER COUNTY BOARD OF ELECTIONS, CLARION COUNTY BOARD OF ELECTIONS, CLEARFIELD COUNTY BOARD OF ELECTIONS, CLINTON COUNTY BOARD OF ELECTIONS, COLUMBIA COUNTY BOARD OF ELECTIONS, CRAWFORD COUNTY BOARD OF ELECTIONS, CUMBERLAND COUNTY BOARD OF ELECTIONS, DAUPHIN COUNTY BOARD OF ELECTIONS, DELAWARE COUNTY BOARD OF ELECTIONS, ELK COUNTY BOARD OF ELECTIONS, ERIE COUNTY BOARD OF ELECTIONS, FAYETTE COUNTY BOARD OF ELECTIONS,

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR AN IMMEDIATE TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION AND EXPEDITED HEARING AS SOON AS PRACTICABLE**

FOREST COUNTY BOARD OF
ELECTIONS, FRANKLIN COUNTY
BOARD OF ELECTIONS, FULTON
COUNTY BOARD OF ELECTIONS,
GREENE COUNTY BOARD OF
ELECTIONS, HUNTINGDON COUNTY
BOARD OF ELECTIONS, INDIANA
COUNTY BOARD OF ELECTIONS,
JEFFERSON COUNTY BOARD OF
ELECTIONS, JUNIATA COUNTY BOARD
OF ELECTIONS, LACKAWANNA
COUNTY BOARD OF ELECTIONS,
LANCASTER COUNTY BOARD OF
ELECTIONS, LAWRENCE COUNTY
BOARD OF ELECTIONS, LEBANON
COUNTY BOARD OF ELECTIONS,
LEHIGH COUNTY BOARD OF
ELECTIONS, LUZERNE COUNTY BOARD
OF ELECTIONS, LYCOMING COUNTY
BOARD OF ELECTIONS, MCKEAN
COUNTY BOARD OF ELECTIONS,
MERCER COUNTY BOARD OF
ELECTIONS, MIFFLIN COUNTY BOARD
OF ELECTIONS, MONROE COUNTY
BOARD OF ELECTIONS, MONTGOMERY
COUNTY BOARD OF ELECTIONS,
MONTOUR COUNTY BOARD OF
ELECTIONS, NORTHAMPTON COUNTY
BOARD OF ELECTIONS,
NORTHUMBERLAND COUNTY BOARD
OF ELECTIONS, PERRY COUNTY BOARD
OF ELECTIONS, PHILADELPHIA
COUNTY BOARD OF ELECTIONS, PIKE
COUNTY BOARD OF ELECTIONS,
POTTER COUNTY BOARD OF
ELECTIONS, SCHUYLKILL COUNTY
BOARD OF ELECTIONS, SNYDER
COUNTY BOARD OF ELECTIONS,
SOMERSET COUNTY BOARD OF
ELECTIONS, SULLIVAN COUNTY
BOARD OF ELECTIONS, SUSQUEHANNA
COUNTY BOARD OF ELECTIONS, TIOGA
COUNTY BOARD OF ELECTIONS, UNION
COUNTY BOARD OF ELECTIONS,
VENANGO COUNTY BOARD OF
ELECTIONS, WARREN COUNTY BOARD

OF ELECTIONS, WASHINGTON COUNTY
BOARD OF ELECTIONS, WAYNE
COUNTY BOARD OF ELECTIONS,
WESTMORELAND COUNTY BOARD OF
ELECTIONS, WYOMING COUNTY
BOARD OF ELECTIONS, AND YORK
COUNTY BOARD OF ELECTIONS

Defendants.

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR AN IMMEDIATE
TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION AND
EXPEDITED HEARING AS SOON AS PRACTICABLE**

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION ....................................................................................................1

STATEMENT OF FACTS ........................................................................................1

STANDARD OF REVIEW .......................................................................................6

ARGUMENT ...........................................................................................................6

I.      Plaintiffs Are Likely To Succeed on the Merits .................................................7

          A.      Extending the Receipt Deadline Beyond the Date Set by the Pennsylvania General Assembly Violates Both the Elections Clause and the Presidential Electors Clause.......................................................................................7

          B.      Allowing Defendants to Accept Ballots Cast After Election Day Violates the Single, Uniform, Federal Election Day Set By Congress ...............................11

          C.      The Creation of Multiple Election Days and the Extension of the Receipt Deadline Violates Plaintiffs' Equal Protection Rights...........................................18

II.     The Irreparable Harm to Plaintiffs Warrants a Temporary Restraining Order and a Preliminary Injunction .........................................................................22

III.    The Public Interest and Lack of Harm to Defendants Warrant a Temporary Restraining Order and Preliminary Injunction...................................................23

IV.    The Court Should Waive the Bond Requirement or Set Bond at a Nominal Amount ...................................................................................................24

V.     The Court Should Grant a Preliminary Injunction As Soon As Practicable.....................24

CONCLUSION.........................................................................................................25

## TABLE OF AUTHORITIES

**Cases**    **Page**

*Abbott v. Perez*, 138 S. Ct. 2305 (2018) ................................................................6, 22

*ACLU v. Ashcroft*, 322 F.3d 240 (3d Cir. 2003) ...........................................................24

*Anderson v. United States,* 417 U.S. 211 (1974) .........................................................20

*Ariz. State Legislature v. Ariz. Indep. Redist. Comm'n*, 576 U.S. 787 (2015)...........9, 12

*Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1 (2013) ..................................12

*Baker v. Carr*, 369 U.S. 186 (1962).............................................................................20

*Bush v. Gore*, 531 U.S. 1046 (2000).............................................................18, 19, 23

*Charfauros v. Bd. of Elections*, 249 F.3d 941 (9th Cir. 2001).......................................19

*Chase v. Miller*, 41 Pa. 403 (1862) ..............................................................................14

*Com. ex rel. Dummit v. O'Connell*, 181 S.W. 2d 691 (Ky. Ct. App. 1944) ............10, 11

*Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181 (2008) ......................................23

*Durant v. Essex Co.*, 74 U.S. (7 Wall.) 107 (1869) ........................................................5

*Drenth v. Boockvar*, No. 20-cv-829, 2020 WL 2745729 (M.D. Pa. May 27, 2020) .....24

*Dunn v. Blumstein*, 405 U.S. 330 (1972) ...............................................................18, 19

*Ex parte Siebold*, 100 U.S. 371 (1879) ..................................................................12, 17

*Ex Parte Yarbrough*, 110 U.S. 651 (1884) ...............................................................7, 17

*Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).......................................................5

*Fleming v. Gutierrez*, 785 F.3d 442 (10th Cir. 2015) ...................................................23

*Foster v. Love*, 522 U.S. 67 (1997)..........................................12, 13, 14, 15, 16, 17, 18

*Gray v. Sanders*, 372 U.S. 368 (1963)........................................................................18

*Hawke v. Smith*, 253 U.S. 221 (1920)...........................................................................9

*Hertz v. Woodman*, 218 U.S. 205 (1910).......................................................................5

*In re Opinion of Justices*, 45 N.H. 595 (1864)..............................................................11

*In re Plurality Elections*, 8 A. 881 (R.I. 1887) ............................................................11

*Jubelirer v. Rendell*, 953 A.2d 514 (Pa. 2008) ..............................................................8

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99 (3d Cir. 2013) ...........24

*Lamone v. Capozzi*, 912 A.2d 674 (Md. 2006).............................................................14

*League of Women Voters of Ohio v. Brunner*, 548 F.3d 463 (6th Cir. 2008)................19

*Maddox v. Bd. of State Canvassers*, 149 P.2d 112 (Mont. 1944) ................................14

*Maryland v. King*, 567 U.S. 1301 (2012) ....................................................................23

*McPherson v. Blacker*, 146 U.S. 1 (1892) .................................................................10

*Neil v. Biggers*, 409 U.S. 188 (1972) ........................................................................5

*New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345 (1977) ...............22

*One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788 (W.D. Pa. 2013) ......24

*Pennsylvania Democratic Party v. Boockvar*,
    No. 133 MM 2020, 2020 WL 5554644 (Pa. Sept. 17, 2020) ..............................3, 4, 19, 21, 22

*Public Citizen, Inc. v. Miller*, 813 F. Supp. 821 (N.D. Ga.), *aff'd*, 992 F.2d 1548
    (11th Cir. 1993) ...............................................................................................16

*Rapanos v. United States*, 547 U.S. 715 (2006) ........................................................13

*Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205 (2020) ...............21, 22

*Republican Party of Pa v. Boockvar, et al.*,
    No. 20A54, 2020 WL 6128193 (U.S. Oct. 19, 2020) .............................................5

*Revzip, LLC v. McDonnel*, No. 3:19-CV-191, 2019 WL 7629238 (W.D. Pa. Nov. 14, 2019) .......6

*Reynolds v. Sims*, 377 U.S. 533 (1964) ...........................................................18, 19, 20

*Scarnati, et al., v. Boockvar, et al.*, No. 20A53, 2020 WL 6128194 (U.S. Oct. 19, 2020) ............5

*Smiley v. Holm*, 285 U.S. 355 (1932) ........................................................................9

*State ex rel. Beeson v. Marsh*, 34 N.W. 2d 279 (Neb. 1948) ......................................10

*Temple Univ. v. White*, 941 F.2d 201 (3d Cir. 1991) ................................................24

*Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581 (W.D. Pa. 2009) ...........6, 25

*United States v. Classic*, 313 U.S. 299 (1941) ..........................................................18

*Voter Integrity Project, Inc. v. Bomer*, 199 F.3d 773 (5th Cir. 2000) .........................14

*Voting Integrity Project, Inc. v. Keisling*, 259 F.3d 1169 (9th Cir. 2001) ........................13, 15, 16

*Watson v. Witkin*, 22 A.2d 17 (Pa. 1941) ................................................................11

*Wiley v. Int'l Ass'n of Machinists & Aerospace Workers*,
    No. 94 C 3958, 1994 WL 329932 (N.D. Ill. July 6, 1994) ...................................25

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) .........................................6, 22

*Wolf v. Scarnati*, 233 A.3d 679 (Pa. 2020) ...............................................................8

## Constitutions and Statutes

U.S. CONST. amend. XIV, § 1 ....................................................................................18

U.S. CONST. art. I, § 4, cl. 1 ............................................................................2, 7, 11, 12

U.S. CONST. art. II, § 1, cl. 2 ....................................................................................8

U.S. CONST. art. II, § 1, cl. 4 ....................................................................................2

U.S. CONST. art. II, § 2, cl. 4 ...............................................................................12, 13

U.S. CONST. art. VI, paragraph 2 ..................................................................................17

PA. CONST. art. II, § 1 ................................................................................................8

2 U.S.C.

§ 1 ...............................................................................................................12
§ 7 ..........................................................................................4, 12, 13, 15, 16
§ 8 ...............................................................................................................16
§ 8(b) ..........................................................................................................16

3 U.S.C.

§ 1 ....................................................................................4, 12, 13, 15
§ 2 ...............................................................................................................13

52 U.S.C. 15

§ 3511(b) ......................................................................................................3
§ 10502 ......................................................................................................14
§ 10502(g) ..................................................................................................14
§§ 20301–20311 ..........................................................................................3

25 P.S.

§ 2621(f) ...................................................................................................4, 5
§ 3146.1 ........................................................................................................2
§ 3146.6(a) ..............................................................................................2, 11
§ 3146.6(c) ....................................................................................................3
§ 3150.11(b) ..................................................................................................2
§ 3150.16(a) .........................................................................................2, 3, 11
§ 3150.16(c) ...............................................................................................2, 3
§ 3511(a) ......................................................................................................3
§ 3511(b) ......................................................................................................3

Act 77, 2019 Pa. Legis. Serv. Act 2019-77 (S.B. 421) ..................................................11

## Other Authorities

Brian X. McCrone and Joe Brandt, *20,000 Mail-in Ballots Didn't Count in Pa.'s Primary,
Half the '16 Victory Margin*, NBC 10 Philadelphia
(Sept. 14, 2020, updated on Oct. 6, 2020), https://bit.ly/3kiFSqU ...........................................5

Cong. Globe, 42 Cong., 2d Sess. 112 (1871) ...............................................................17

Cong. Globe, 42 Cong., 2d Sess. 141 (1871) ...............................................................17

Cong. Globe, 42 Cong., 2d Sess. 610 (1872) ...............................................................16

Cong. Globe, 42 Cong., 2d Sess. 618 (1871) ...............................................................17

Cong. Globe, 42 Cong., 2d Sess. 676 (1872) ...............................................................16

Emergency Appl. for a Stay Pending the Filing and Disposition of a Pet. for a Writ of Cert.,
No. 20A53 (U.S. Sept. 28, 2020) ...........................................................................21

FED. R. CIV. P. 65 ..................................................................................................24, 25

Fed. R. Civ. P. 65(b) ..........................................................................................................6

Federalist No. 27 (C. Rossiter ed. 1961) (Alexander Hamilton) ......................................9

Kathy Boockvar (@KathyBoockvar), Twitter (Sept. 17, 2020, 1:48 PM),
    https://bit.ly/2FPe8uT ...................................................................................................5

"Legislature," A Dictionary of the English Language (1755) (Samuel Johnson) ...........9

"Legislature," American Dictionary of the English Language (1828) (Noah Webster).......9

M. Farrand, *The Records of the Federal Convention of 1787, vol. 2* (1911),
    https://bit.ly/3kPvZRu..................................................................................................10

N. Webster, An American Dictionary of the English Language 433
    (C. Goodrich & N. Porter eds. 1869) .................................................................14, 15

U.S. Elections Project, *Pennsylvania Early Voting Statistics*,
    available at https://bit.ly/2HgXAwR (last visited Oct. 22, 2020).............................2

## INTRODUCTION

Plaintiffs respectfully request that this Court enter an immediate temporary restraining order to restrain the Secretary of the Commonwealth Kathy Boockvar and the 67 County Boards of Elections (collectively, "Defendants") from following an unconstitutional policy announced by the Pennsylvania Supreme Court in a recent decision. Plaintiffs also respectfully request, given the exigent circumstances presented by the impending election in Pennsylvania, that this Court schedule an expedited hearing and issue a preliminary injunction as soon as practicable.

This case arises after the Pennsylvania Supreme Court effectively created multiple election days for the upcoming election, disregarding the single, uniform, federal Election Day set by Congress. Further ignoring the clear mandate of the U.S. Constitution that provides that the "Legislature[s]" of the several states are the only state entities that may prescribe the time, place, and manner of federal elections for Representatives and Senators, or set the manner of choosing Presidential Electors, the Pennsylvania Supreme Court extended the Receipt Deadline for mail-in ballots in Pennsylvania, directly contravening the General Assembly's duly-enacted statutes. And Defendants imminent actions to follow the Pennsylvania Supreme Court's new unconstitutional policies will violate the Equal Protection Clause in two distinct ways: the new policies allow unlawfully cast votes to be counted thereby diluting the vote of those who cast their ballots lawfully; and the new policy results in arbitrary and disparate treatment of voters. For the reasons set forth below and in light of the ongoing election, Plaintiffs are entitled to a temporary restraining order and preliminary injunction.

## STATEMENT OF FACTS

The Constitution authorizes Congress to "make or alter" the regulations for federal elections for Representatives and Senators and "to determine the Time" for choosing Presidential

Electors. U.S. CONST. art. I, § 4, cl. 1; *id.* at art. II, § 1, cl. 4. Under this authority, in 2 U.S.C. § 7 Congress established a single, uniform, federal Election Day for Representatives. Congress established this as the same day for the election of Senators in 2 U.S.C. § 1. And in 3 U.S.C. § 1, Congress also ensured every four years that this single, uniform, federal Election Day would be the day that States choose their Presidential Electors. These statutes affirmatively established a single, uniform, federal Election Day, and that day for this year's election is November 3, 2020.

The Pennsylvania General Assembly has provided three ways for Pennsylvanians to vote. Pennsylvanians may vote by person on the single, uniform, federal Election Day set by Congress on November 3, 2020. Pennsylvanians may vote by mail with no excuse needed to receive a mail-in ballot. *See* 25 P.S. § 3150.11(b). Pennsylvanians may also vote with an absentee ballot (unless otherwise indicated, this Complaint refers to both absentee ballots and mail-in ballots as "mail-in ballots"). *See* 25 P.S. § 3146.1.

As of filing, a significant portion of Pennsylvanians have chosen to use the mail-in ballot option. Specifically, 2,861,900 mail-in ballots have been requested in Pennsylvania and 1,179,812 of those ballots have been returned. *See* U.S. Elections Project, *Pennsylvania Early Voting Statistics*, available at https://bit.ly/2HgXAwR (last visited Oct. 22, 2020).

To return the requested mail-in ballots, the Pennsylvania General Assembly enacted clear deadlines for all voters to follow. Simply put, no different than an in-person voter, mail-in voters must vote on or before Election Day under Pennsylvania's statutes. First, the "mail-in elector shall, in secret, proceed to mark the ballot" "on or before eight o'clock P.M. the day of the . . . election." 25 P.S. § 3150.16(a); *see also id.* at § 3146.6(a). Thus, all mail-in ballots must be filled out on or before Election Day. Second, the "completed mail-in ballot must be received in the office of the county board of elections no later than eight o'clock P.M. on the day of the . . . election." *Id.* at

§ 3150.16(c); *see also id.* at § 3146.6(c). And while Pennsylvanians can use the mail to return their mail-in ballots, the General Assembly has also provided that a voter can "deliver it in person to [their] county board of election." *Id.* at § 3150.16(a). Therefore, the General Assembly has established a firm Receipt Deadline for the return of ballots at 8:00 pm on Election Day.

The *only* statutory exception to this deadline is that a valid "military-overseas ballot" will "be counted if it is delivered by 5 p.m. on the seventh day following the election." 25 P.S. § 3511(a) (articulating deadlines to comply with the congressionally-enacted Federal Uniformed and Overseas Citizens Absentee Voting Act); *see also* 52 U.S.C. §§ 20301–20311. If a military-overseas ballot lacks a postmark, a late postmark, or unreadable postmark, the ballot will only count if the "voter has declared under penalty of perjury that the ballot was timely submitted." 25 P.S. § 3511(b).

Thus, the Pennsylvania General Assembly has directed, consistent with Congress's paramount authority under the Elections Clause and the Article II, Section 1, Clause 4, that there would be a single, uniform, federal Election Day in Pennsylvania. All ballots must be cast on or before Election Day. And accordingly, all mail-in ballots—except for a limited exception—must be received by 8:00pm on Election Day.

On September 17, 2020, the Pennsylvania Supreme Court unconstitutionally vitiated Congress's set deadline for a single, uniform, federal Election Day and the Pennsylvania General Assembly's statutes consistent with that deadline. In *Pennsylvania Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 WL 5554644 (Pa. Sept. 17, 2020), the Pennsylvania Supreme Court decided a case that had been filed by various plaintiffs seeking changes to Pennsylvania's voting procedures. During the course of state court proceedings, Defendant Boockvar filed an application for extraordinary relief in the Pennsylvania Supreme Court. The Pennsylvania Supreme Court

accepted extraordinary jurisdiction over the dissent of two justices and issued its decision on September 17, 2020.

The Pennsylvania Supreme Court had two holdings relevant to the Plaintiffs' claims. First, the Pennsylvania Supreme Court extended the receipt deadline for mail-in ballots. Now instead of the deadline set by the General Assembly of 8:00pm on Election Day, mail-in ballots must be accepted if they arrive by 5:00pm on Friday, November 6, 2020. *See Pa. Democratic Party*, 2020 WL 5554644, at *31. Second, the Pennsylvania Supreme Court held that a mail-in ballot otherwise lacking a postmark or other proof of timely mailing would be *presumed* to have been cast before Election Day "unless a preponderance of the evidence demonstrate[d]" otherwise. *Id.* The result of these twin holdings is clear: votes that have not been cast after the legislatively established deadline—including some votes cast after Election Day—will be allowed to be count in Pennsylvania.

The presumption policy now allows for ballots that have been cast anytime on November 4, anytime on November 5, and anytime before 5:00pm on November 6 to count in this year's election. The Pennsylvania Supreme Court therefore has now created three new Election Days, despite the fact that Congress, under its paramount authority to regulate federal elections, only established *one day*—November 3, 2020. *See* 2 U.S.C. § 7 (establishing "*the day* for the election" (emphasis added)); 3 U.S.C. § 1 (establishing "*the Tuesday*" when electors "shall be appointed" (emphasis added)).

The Pennsylvania Supreme Court has ordered Defendant County Election Boards to accept ballots that have arrived within the new deadline established by the Court and to accept those ballots cast on these new, multiple, subsequent election days. *See Pa. Democratic Party*, 2020 WL 5554644, at *31. Further, Defendant Boockvar will be obligated to certify results containing these

4

ballots. *See* 25 P.S. § 2621(f). By all indications, Defendant Boockvar will willingly do so as she celebrated the Pennsylvania Supreme Court's decision. *See* Kathy Boockvar (@KathyBoockvar), TWITTER (Sept. 17, 2020, 1:48 PM), https://bit.ly/2FPe8uT ("And in other big news, the PA Supreme Court issued a decisive victory for the voters of PA today, ensuring that every eligible voter will be able to more easily cast their ballot & have it counted fairly, and ensures the most accessible and safe election for PA! #TrustedInfo2020").

There can be little doubt that otherwise late ballots *will be* counted. After all, the Pennsylvania Supreme Court's policy commands it and Pennsylvania's own experience in the June primary shows Pennsylvanians will send in their ballots late. In the June primary, 18,115 ballots were returned to County Election Boards after the deadline set by the General Assembly. *See* Brian X. McCrone and Joe Brandt, *20,000 Mail-in Ballots Didn't Count in Pa.'s Primary, Half the '16 Victory Margin*, NBC 10 Philadelphia (Sept. 14, 2020, updated on Oct. 6, 2020), https://bit.ly/3kiFSqU.

On appeal, the U.S. Supreme Court declined to stay the Pennsylvania Supreme Court's decision by an equally divided court. *Scarnati, et al., v. Boockvar, et al*., No. 20A53, 2020 WL 6128194 (U.S. Oct. 19, 2020) (mem.); *Republican Party Of Pa v. Boockvar, et al.*, No. 20A54, 2020 WL 6128193 (U.S. Oct. 19, 2020) (mem). That decision is not "an authority for the determination of other cases either in [the Supreme Court] or in inferior courts." *Hertz v. Woodman*, 218 U.S. 205, 214 (1910); *accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 484 (2008) ("If the judges are divided, the reversal cannot be had, for no order can be made." (quoting *Durant v. Essex Co.*, 74 U.S. (7 Wall.) 107, 112 (1869))); *Neil v. Biggers*, 409 U.S. 188, 192 (1972).

In response to the Pennsylvania Supreme Court's decision and the imminent actions of Defendants pursuant to that decision, the Plaintiffs seek declaratory and injunctive relief.

## STANDARD OF REVIEW

"The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581, 589 (W.D. Pa. 2009). To obtain either, a party must establish: (1) "a reasonable probability of success on the merits;" (2) that the party "will be irreparably injured by denial of the relief;" (3) that "the balance of equities favors granting [the motion] including any harm to the nonmoving party;" and (4) that granting the motion "will be in the public interest." *Revzip, LLC v. McDonnel*, No. 3:19-CV-191, 2019 WL 7629238, at *2 (W.D. Pa. Nov. 14, 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); FED. R. CIV. P. 65(b).

## ARGUMENT

The Defendants' actions violate Congress's single, uniform, federal Election Day and effectively nullify statutes enacted by the General Assembly that were consistent with Congress's command. This deprives Pennsylvania the ability to "enforce its duly enacted" laws. *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018). Plaintiff Jim Bognet is currently running as a candidate for Congress in Pennsylvania's Eighth Congressional District. *See* Decl. of Jim Bognet (attached hereto as Exhibit A). The Defendants' imminent actions will unconstitutionally change the rules governing the ongoing voting in his federal elections. Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark are eligible, registered voters who reside in Pennsylvania. *See* Decl. of Donald K. Miller (attached hereto as Exhibit B); Decl. of Debra Miller (attached hereto as Exhibit C); Decl. of Alan Clark (attached hereto as Exhibit D); Decl. of Jennifer Clark (attached

hereto as Exhibit E). Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark intend to vote in-person on November 3, 2020 in the general election, including in the Presidential election and in the U.S. House of Representatives election.

## I.      Plaintiffs Are Likely To Succeed on the Merits

The Pennsylvania Supreme Court's decision (and the policies it announces) mandates that Defendants act in violation of provisions of the Constitution that protect our federal elections: (1) the Pennsylvania Supreme Court's decision extends the Receipt Deadline for ballots beyond the date set by the Pennsylvania General Assembly, violating both the Elections Clause and the Presidential Electors Clause; (2) Defendants are now allowed to accept ballots cast after Election Day, violating the single, uniform, federal Election Day set by Congress pursuant to the Elections Clause and Article II, Section 1, Clause 4; (3) the Pennsylvania Supreme Court's decision leads to the clear consequence of Defendants accepting ballots that will dilute Plaintiffs Donald K. Miller's, Debra Miller's, Alan Clark's, and Jennifer Clark's lawful in-person votes, violating of the Equal Protection Clause; and (4) the Pennsylvania Supreme Court's decision will lead to Defendants treating Plaintiffs Donald K. Miller's, Debra Miller's, Alan Clark's, and Jennifer Clark's votes in a disparate and arbitrary way, violating the Equal Protection Clause.

### A.      Extending the Receipt Deadline Beyond the Date Set by the Pennsylvania General Assembly Violates Both the Elections Clause and the Presidential Electors Clause

The text of the Elections Clause is clear: "[t]he Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing [sic] Senators." (emphasis added). U.S. CONST. art. I, § 4, cl. 1. The Constitution thus grants the state "Legislature" primacy in setting the rules for federal elections, subject to check only by Congress. *See, e.g. Ex Parte Yarbrough*, 110 U.S. 651, 660 (1884) (noting that "[i]t was

not until 1842 that [C]ongress took any action under the power here."). The same exclusive grant of authority to the state legislature is in the Presidential Electors Clause as well. That clause provides that "[e]ach state shall appoint, in such manner as the *Legislature* thereof may direct, a number of electors, equal to the whole number of Senators and Representatives to which the State may be entitled in the Congress." U.S. CONST. art. II, § 1, cl. 2 (emphasis added). Thus, the Constitution establishes a state's "legislature" as the only state entity that may constitutionally regulate federal elections.

Since neither Congress nor the Pennsylvania General Assembly enacted the change to Pennsylvania's Receipt Deadline, the extension of the Receipt Deadline is unconstitutional (1) under the Elections Clause because it overrules the enactments of the General Assembly or otherwise qualifies as a "Regulation[]" for the times, places, and manner of holding the upcoming federal election and (2) under the Presidential Electors Clause because it alters the "manner" of appointing Presidential Electors.

The Pennsylvania Constitution provides that the "legislative power of th[e] Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, § 1. "The legislative power is the power to make, alter and repeal laws." *Jubelirer v. Rendell*, 953 A.2d 514, 529 (Pa. 2008) (internal quotation marks omitted). This grant of power to the Pennsylvania General Assembly is exclusive—"the principle of separation of powers forbids any branch from exercising the functions exclusively committed to another branch." *Id.* Accordingly, Pennsylvania's "non-delegation doctrine forbids entities other than the legislative branch from exercising the 'legislative power,' as those entities do not have 'the power to make law.'" *Wolf v. Scarnati*, 233 A.3d 679, 704 (Pa. 2020). The exclusive grant of legislative power to the Pennsylvania General Assembly means that the U.S. Constitution assigns

the role of regulating federal elections in Pennsylvania—both for Representatives and Senators, as well as Presidential Electors—to the General Assembly and the General Assembly alone (when Congress has not otherwise acted).

The word "Legislature" in the both the Elections Clause and the Presidential Electors Clause was "not . . . of uncertain meaning when incorporated into the Constitution." *Hawke v. Smith*, 253 U.S. 221, 227 (1920). And "the Legislature" means now what it meant then, "the representative body which ma[kes] the laws of the people." *Id.*; *see, e.g.*, Federalist No. 27, at 174–175 (C. Rossiter ed. 1961) (Alexander Hamilton) (defining "the State legislatures" as "select bodies of men"); "Legislature," American Dictionary of the English Language (1828) (Noah Webster) ("[T]he body of men in a state or kingdom, invested with power to make and repeal laws."); "Legislature," A Dictionary of the English Language (1755) (Samuel Johnson) ("The power that makes laws."). By choosing to use the word "Legislature," these clauses makes clear that the Constitution does not grant the power to regulate elections to states as a *whole*, but only to the state's legislative branch. *Ariz. State Legislature v. Ariz. Indep. Redist. Comm'n*, 576 U.S. 787, 814 (2015); *id.* at 839 (Roberts, C.J., dissenting) (noting the "considerable similarity" between the Presential Electors Clause and the Elections Clause). In Pennsylvania, the legislative branch is the General Assembly.

The Framers had a number of reasons to delegate (subject to Congress's supervisory power) the task of regulating federal elections to state Legislatures like the General Assembly. Specifically, the Framers understood the regulation of federal elections to be an inherently legislative act. After all, regulating elections "involves lawmaking in its essential features and most important aspect." *Smiley v. Holm*, 285 U.S. 355, 366 (1932); *cf. Ariz. Indep. Redist. Comm'n*, 576 U.S. at 808 (observing that "redistricting is a legislative function, to be performed in accordance

with the State's prescriptions for lawmaking"). And so, as one participant in the Massachusetts debate on the ratification of the Constitution explained, "[t]he power . . . to regulate the elections of our federal representatives must be lodged somewhere," and there were "but two bodies wherein it can be lodged—the legislatures of the several states, and the general Congress." M. Farrand, *The Records of the Federal Convention of 1787, vol. 2* (1911), https://bit.ly/3kPvZRu.

Further, the Framers were aware of the possibility that regulations governing federal elections could be ill-designed. James Madison, for instance, acknowledged that those with power to regulate federal elections could "take care so to mould their regulations as to favor the candidates they wished to succeed." *Id*. But as with so many other problems the Framers confronted, their solution was structural and democratic. To ensure appropriate regulation of federal elections, the Constitution gives responsibility to the most democratic branch of state government—the Legislature—so that the people may check any abuses in the election regulations or in the selection of Presidential Electors at the ballot box. And as a further check, the Elections Clause specifically gives supervisory authority to the most democratic branch of the federal government—the U.S. Congress.

The text and history of these clauses confirm that the General Assembly is the only constitutionally empowered state entity to regulate federal elections. And as the Supreme Court has explained with respect to the Presidential Electors Clause, the state legislatures' power to prescribe regulations for federal elections "cannot be taken from them or modified by their state constitutions." *McPherson v. Blacker*, 146 U.S. 1, 35 (1892). And courts have long recognized this limitation on the power of states to restrain the discretion of state legislatures under the Elections Clause and the Presidential Electors Clause. *See, e.g.*, *State ex rel. Beeson v. Marsh*, 34 N.W. 2d 279, 286–87 (Neb. 1948); *Com. ex rel. Dummit v. O'Connell*, 181 S.W. 2d 691, 695 (Ky. Ct. App.

1944); *In re Plurality Elections*, 8 A. 881, 882 (R.I. 1887); *In re Opinion of Justices*, 45 N.H. 595, 601 (1864).

The Pennsylvania Supreme Court has clearly violated the Elections Clause and Presidential Electors Clause by rewriting the Receipt Deadline provided by the General Assembly in 25 P.S. §§ 3150.16(a), 3146.6(a). The General Assembly's Receipt Deadline required the delivery of mail-in ballots by 8:00 P.M. on Election Day. This itself had been a recent extension passed by the General Assembly. *See* Act 77, 2019 Pa. Legis. Serv. Act 2019-77 (S.B. 421). Yet evidently, the Pennsylvania Supreme Court "prescribe[d]" its own preferred "[r]egulation[]," U.S. CONST. art. I, § 4, cl. 1, by changing that deadline. And in doing so, the Pennsylvania Supreme Court similarly changed the manner of appointing Presidential Electors in Pennsylvania. Yet the exclusive home of the legislative branch in Pennsylvania is the General Assembly. Because the Pennsylvania Supreme Court is not the "Legislature," it is not empowered to adjust the rules of the federal election on its own. *See Watson v. Witkin*, 22 A.2d 17, 23 (Pa. 1941) ("[T]he duty of courts is to interpret laws, not to make them.").

The Constitution delegated to a single Pennsylvania entity the power to regulate federal elections: the General Assembly. And the General Assembly has not further delegated the power to enable the Board to amend or nullify its duly enacted statutes. Thus, because the Pennsylvania Supreme Court's decision purport to alter the time, place, and manner for holding the upcoming federal election in a manner that contravenes the General Assembly's duly enacted statutes, the decision and Defendants imminent actions pursuant to that decision violate the Elections Clause and the Presidential Electors Clause.

**B.** **Allowing Defendants to Accept Ballots Cast After Election Day Violates the Single, Uniform, Federal Election Day Set By Congress**

The text of the Elections Clause is clear "[t]he Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." U.S. CONST. art. I, § 4, cl. 1. "The dominant purpose of the Elections Clause, the historical record bears out, was to empower Congress to override state election rules." *Ariz. Indep. Redist. Comm'n*, 576 U.S. at 814–15.

The Elections Clause "functions as 'a default provision; it invests the States with responsibility for the mechanics of congressional elections, but only so far as Congress declines to pre-empt state legislative choices.'" *Arizona v. Inter Tribal Council of Ariz., Inc*., 570 U.S. 1, 9 (2013) (quoting *Foster v. Love*, 522 U.S. 67, 69 (1997)). Congress can thus act under this Clause to set the "when, where, and how of holding congressional elections." *Id.* at 29 (Thomas, J., dissenting). And when Congress does act, its power "is paramount." *Ex parte Siebold*, 100 U.S. 371, 392 (1880). Those state policies "inconsistent" with what Congress commands are "supersede[d]." *Id.*

Pursuant to its authority to override state election rules, Congress enacted 2 U.S.C. § 7, which provides a "the day for the election, in each of the States . . . of the United States, of Representatives." After ratification of the Seventeenth Amendment, Congress ensured this would also be the day for the election of Senators. *See* 2 U.S.C. § 1. The date this is year is November 3, 2020.

Similar to its paramount authority to regulate the elections for Representatives and Senators, Congress has the power to determine when Presidential Electors are chosen for the Electoral College. Article II, Section 2, Clause 4 of the Constitution provides that "Congress may determine the Time of chusing the Electors, and the Day on which they shall give their Votes;

which Day shall be the same throughout the United States." Acting under its authority under this Clause, Congress enacted 3 U.S.C § 1, which provides that "[t]he electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President." The single Tuesday for this year is November 3, 2020. Congress only provides that states may appoint Presidential Electors "on a subsequent day" if those states have already "held an election for choosing electors, and ha[ve] failed to make a choice *on the day* prescribed by law." 3 U.S.C. § 2 (emphasis added). In other words, states may not simply choose another day to appoint Presidential Electors. It must be on the day set by Congress—Election Day—and only if no selection is made on *that* "day prescribed by law" may the state try again. Thus, Congress has ensured that states do not allow for the election of Presidential Electors on days other than Election Day in the first instance.

By operation of both 2 U.S.C. § 7 and 3 U.S.C. § 1, Congress has "mandate[d] holding all elections for Congress and the Presidency on a single day throughout the Union." *Foster v. Love*, 522 U.S. 67, 70 (1997). It is "without question [that] Congress has the authority to compel states to hold these elections on the dates it specifies." *Voting Integrity Project, Inc. v. Keisling*, 259 F.3d 1169, 1170 (9th Cir. 2001). And similarly the text Congress has used in both the 2 U.S.C. § 7 and 3 U.S.C. § 1 establishes that the "designated federal elections" of Representative, Senator, and President "were to take place on that day and no other days." *Id.* at 1172. After all the word "the" precedes "day" in 2 U.S.C. § 7 and "Tuesday" in 3 U.S.C. § 1. This use of the definite article "the" implies "that the[se] statute[s] refer[] to a single day." *Id.*; *cf. Rapanos v. United States*, 547 U.S. 715, 732 (2006) (plurality opinion of Scalia, J.) (holding that "[t]he use of the definite article ('the')" limited statutory definition to only include specific "waters").

13

Courts have long held that these statutes establish a single, uniform, federal Election Day. For instance, courts have rejected laws, which "purport[] to extend beyond the election day the time within which voters' ballots may be received by the election officials for the election of presidential electors" because these laws "conflict with the constitutional congressional Act which requires the electing be done on election day." *Maddox v. Bd. of State Canvassers*, 149 P.2d 112, 114 (Mont. 1944) (emphasis added). And courts have stated "there is no dispute . . . that voting must end, on federal election day." *Lamone v. Capozzi*, 912 A.2d 674, 692 (Md. 2006).

To be sure, Congress and the several states have provided numerous means by which voters can cast votes *before* Election Day. Many states provide for some form of early voting. *See, e.g.*, *Voter Integrity Project, Inc. v. Bomer*, 199 F.3d 773, 775–76 (5th Cir. 2000). Congress also expressly mandates that states provide for some form of absentee balloting. *See generally* 52 U.S.C. § 10502. And states can adopt further absentee balloting beyond what Congress has provided as well. *See id.* at § 10502(g). In fact, many states began allowing for absentee balloting as far back as the "Civil War as a means of providing soldiers the ability to vote." *Voter Integrity*, 259 F.3d at 1175. And Pennsylvania has provided this right even further since at least the War of 1812. *See Chase v. Miller*, 41 Pa. 403, 416 (1862). But what none of these forms of voting allow for is the casting of ballots *after* Election Day.

The reason is simple: despite the long history of voting *before* Election Day, Congress established a single, uniform, federal Election Day in 1872. As the Supreme Court held in *Foster v. Love*, 522 U.S. 67 (1997), at a minimum the term "election" "plainly refer[s] to the combined actions of voters and officials meant to make a final selection of an officeholder." *Id.* at 71 (citing N. Webster, An American Dictionary of the English Language 433 (C. Goodrich & N. Porter eds. 1869) (defining "election" as "[t]he act of choosing a person to fill an office")). This is "the day"

on which these combined actions must be "consummated." *Id*. at 72 n.4. If the state establishes any other day for these *combined actions* to occur, then the state has violated 2 U.S.C. § 7.

Accordingly, in *Foster* the Supreme Court held that Louisiana's jungle primary system violated 2 U.S.C. § 7 because the "combined actions" of state officials and voters were not limited to Election Day. Louisiana provided that a candidate who received 50% of the vote in the primary before Election Day was considered elected by state officials. Since the election "concluded as a matter of law before the federal election day, with no act in law or in fact to take place on the date chosen by Congress," Louisiana clearly violated 2 U.S.C. § 7. Both voters and state election officials finished their respective actions before the date set by Congress.

The logic of *Foster* compels the same result when the combined actions of voters and state officials occur *after* the date set by Congress. Pennsylvania's imminent practice of accepting ballots cast *after* Election Day and then counting those ballots *after* Election Day establishes a "combined action" to make the final selection of Representatives, Senators, and Presidential Electors on a day different than the single, uniform, federal Election Day set by Congress in 2 U.S.C. § 7, and 3 U.S.C. § 1. For example, after the Pennsylvania Supreme Court's decision, Pennsylvania voters can cast their mail-in ballots on November 4, 2020 and state officials will also accept those ballots for tabulation on November 4, 2020. But Election Day is November 3, 2020—the state cannot allow these combined actions to occur *after* that date. Thus, what Pennsylvania is allowing is far different from ordinary absentee or early voting, which does not allow for both casting and acceptance of ballots *after* Election Day. *See Voting Integrity*, 259 F.3d at 1175 (upholding early voting because, although voting occurred prior to election day, the "'final selection' cannot be made until the federal election day."). In those instances, there is no

"combined action" on a day different than Election Day. *Foster*, 522 U.S. at 71; *Voting Integrity*, 259 F.3d at 1175.[1]

The drafting history of 2 U.S.C. § 7 establishes that Congress considered allowing states to have multi-day elections—much like Pennsylvania's practice would allow—but Congress explicitly rejected that option. In fact, Congress "considered an amendment to continue to allow states 'in which by law the polls are held open more than one day' to continue the practice" in 1872. *Voting Integrity*, 259 F.3d at 1173 (quoting Cong. Globe, 42 Cong., 2d Sess. 676 (1872)). For instance, prior to enactment of 2 U.S.C. § 7, Texas held open its polls for four days and Congress considered an amendment that would let that happen. Under the proposed amendment, the national election day would be the "*first day* of the polls being open in those states." *Id.* (citing Cong. Globe, 42 Cong., 2d Sess. 610 (1872)). Thus, Congress considered explicit statutory language that would have allowed states to have additional election days after the one set by Congress—in fact three more, just like Pennsylvania is now imminently countenancing. Congress rejected that Amendment to allow additional any election days *after* the one set by Congress. One Senator on the floor stated, "there will be time enough for these states to conform their legislation" to "the election of members of Congress [on] a *single day*." Cong. Globe, 42 Cong., 2d Sess. 676 (emphasis added).

---

[1] Congress has provided a few exceptions, none of which apply to Pennsylvania's policy. Under 2 U.S.C. § 8, a state may hold an election after Election Day when "there is a failure to elect at the time prescribed by law." This only applies to those states where "a majority of all the votes is necessary to elect a member" of Congress or Senator. *Foster v. Love*, 522 U.S. 67, 71 n.3 (1997) (citation omitted). "In those States, if no candidate receives a majority vote on federal election day, there has been a failure to elect and a subsequent run-off election is required." *Id.* (citing *Public Citizen, Inc. v. Miller*, 813 F. Supp. 821 (N.D. Ga.), *aff'd*, 992 F.2d 1548 (11th Cir. 1993)). Under 2 U.S.C. § 8, state may also hold special elections when vacancies arise. *See* 2 U.S.C. § 8(b).

As the Supreme Court has explained, Congress sought "to remedy more than one evil arising from the election of members of Congress occurring at different times in different states." *Ex parte Yarbrough*, 110 U.S. at 661. For instance, one advocate for 2 U.S.C. § 7 argued that:

> Whenever you provide that elections shall take place upon the same day, you do interpose a not inconsiderable check to frauds in elections, to double voting, to the transmission of voters from one State to another, and you do allow the people to vote for their Representatives undisturbed by considerations which they ought not to take at all into account.

Cong. Globe, 42 Cong., 2d Sess. 618. And as the sponsor of the legislation explained, "I think it will be fair for everybody that on the day when one votes all should vote, and that the whole question should be decided then." *Id.* at 112 (1871). To continue to allow multiple elections days would "give[] some parties undue advantage." *Id.* at 141. Accordingly, the policy prescription chosen by Congress was to establish a single, uniform, federal Election Day.

Even if the Pennsylvania Supreme Court disagreed with the policy judgment determined by Congress, the Constitution does not enable that court to craft a different policy in lieu of the single, uniform, federal Election Day. The Supremacy Clause (Article VI, Paragraph 2) provides that the "Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land; and the *judges in every state* shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." (emphasis added). There is no dispute that Congress enacted 2 U.S.C. § 7 and 3 U.S.C. § 1 under its Elections Clause and Article II, Section 1, Clause 4 authority. *See Foster*, 522 U.S. at 69–70. And there can be no dispute that when Congress sets out a "single day throughout the Union" for an Election, any state that authorizes a federal election of more than one day conflicts with Congress's single day command. *Id.* Accordingly, that state's practice "ceases to be operative," *Ex parte Siebold*, 100 U.S. at 384, and Congress's statute must control the federal election.

Congress enacted a single, uniform, federal Election Day for the election of Representatives, Senators, and Presidential Electors. That day is November 3, 2020. The Defendants are imminently set to allow the combined action of *casting* a ballot after November 3, 2020 and *accepting* that ballot after November 3, 2020. The Defendants are thus creating multiple, successive, Election Days contrary to the single, uniform, federal Election Day set by Congress. Since the Constitution says that Congress has the "final say" in federal elections, Defendants must be enjoined. *Foster*, 522 U.S. at 72.

### C.  The Creation of Multiple Election Days and the Extension of the Receipt Deadline Violates Plaintiffs Equal Protection Rights

State election laws may not "deny to any person within" the state's "jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. The Constitution thus ensures "the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964). "Obviously included within the right to [vote], secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted . . . ." *United States v. Classic*, 313 U.S. 299, 315 (1941). Without doubt, the right to vote includes the right to have one's ballot counted "at full value without dilution or discount." *Reynolds*, 377 U.S. at 555 n.29 (internal quotation marks omitted); *see also Dunn v. Blumstein*, 405 U.S. 330, 336 (1972) ("[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."); *Gray v. Sanders*, 372 U.S. 368, 380 (1963) ("The idea that every voter is equal to every other voter in his State, when he casts his ballot in favor of one of several competing candidates, underlies many of [the Supreme Court's] decisions.").

To ensure equal weight is afforded to all votes, the Equal Protection Clause further requires states to "avoid arbitrary and disparate treatment of the members of its electorate." *Bush v. Gore*, 531 U.S. 98, 105 (2000). "[T]reating voters differently" thus "violate[s] the Equal Protection

Clause" when the disparate treatment is the result of arbitrary, ad hoc processes. *Charfauros v. Bd. of Elections*, 249 F.3d 941, 954 (9th Cir. 2001). When a state has granted "the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another. *Bush*, 531 U.S. at 104; *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 477–78 (6th Cir. 2008).

If the Defendants are not enjoined from following the policy crafted by the Pennsylvania Supreme Court, the Defendants will be violating these constitutional requirements, thereby infringing Plaintiffs Donald K. Miller's, Debra Miller's, Alan Clark's, and Jennifer Clark's rights under the Equal Protection Clause (1) to have their ballots counted without dilution, *Reynolds*, 377 U.S. at 555 n. 29, and (2) to "participate in" the ongoing election ""on an equal basis with other citizens in" Pennsylvania, *Dunn*, 405 U.S. at 336.

First, the acceptance of ballots under the policy announced by the Pennsylvania Supreme Court's decision will ensure that votes that are invalid under the duly enacted laws of Congress and the General Assembly *will* be counted in two ways: (1) ballots cast *after* Election Day are treated presumptively as timely ballots; and (2) ballots that are received as late as 5:00 P.M. on November 6, 2020 are timely. These changes are open invitations for the casting of ballots after the single, uniform, federal Election Day established by Congress, which will have the direct and immediate effect of diluting the vote of Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark. *See Pa. Democratic Party*, 2020 WL 5554644, at *40 (Mundy, J. dissenting) (noting Intervenors made a "substantial case" in arguing that the Pennsylvania Supreme Court's "presumption opens the door to illegally and untimely cast or mailed ballots being counted in, and tainting the results of, the imminent general election"). Further, these ballots would have been late, and therefore would not have counted, under the Receipt Deadline established by the General

Assembly under its Election Clause authority. As a consequence, Plaintiffs' votes will be further diluted.

The Pennsylvania Supreme Court's policy is a denial of the one-person, one-vote principle affixed in the Supreme Court's jurisprudence. Dilution of lawful votes, to any degree, by the casting of unlawful votes violates the right to vote. *Reynolds*, 377 U.S. at 555; *Anderson*, 417 U.S. at 226–27; *Baker v. Carr*, 369 U.S. 186, 208 (1962). Diluting the effectiveness of individual votes by allowing illegal votes violates the Fourteenth Amendment. *Reynolds*, 377 U.S. at 555 ("[T]he right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise."). For instance, the Supreme Court in *Reynolds* made clear that unconstitutional voter dilution occurs when there is "ballot-box stuffing," a form of dilution that disadvantages all those who cast lawful ballots. *Id.*

When the Defendants, acting consistent with the Pennsylvania Supreme Court's policy, purposely accept even a single ballot cast after Election Day or accept otherwise late ballots beyond the deadline set by the General Assembly, the Defendants have accepted votes that unconstitutionally dilute the weight of lawful voters like Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark. This dilution is particularly severe for voters like the Millers and Clarks in lower-population density counties such as Somerset where voters are not requesting mail-in ballots at as a high rate as those voters in higher-population density counties in Pennsylvania. Since more mail-in ballots are being requested from those counties, it stands to reason that more late mail-in ballots will be returned from those higher-population density counties as well. With more unlawful ballots coming from those counties, the lawful votes of voters in lower-population density counties are diluted more than others.

Second, if the Defendants are not enjoined, they will be administering Pennsylvania's election in an arbitrary fashion pursuant to nonuniform rules that will result in the unequal evaluation of ballots. As discussed above, the Pennsylvania General Assembly established clear rules for the mail-in ballots. Ballots needed to be filled out on or before Election Day. And those ballots needed to be delivered to the County Election Boards by 8:00 P.M. The Pennsylvania Supreme Court arbitrarily changed these rules. In fact, the presumption created by the Pennsylvania Supreme Court—that allows for the casting of votes *after* Election Day—was not even relief requested by voter plaintiffs seeking changes to Pennsylvania's voting laws. *See* Emergency Appl. for a Stay Pending the Filing and Disposition of a Pet. for a Writ of Cert., No. 20A53, at 7 (U.S. Sept. 28, 2020). And the Pennsylvania Supreme Court created this presumption "[w]ithout further explanation." *Pa. Democratic Party*, 2020 WL 5554644, at *40 (Mundy, J. dissenting). This arbitrary alteration of Pennsylvania's voting rules, when it does not appear that voting plaintiffs sought the specific relief granted, is exactly the type of "unusual" change that the Supreme Court has held should not be made "on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1206–07 (2020).

This arbitrary change disparately impacts a distinct set of voters. It impacts those voters like Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark, who lawfully vote in person and submit their ballots *on time*. It is easy to see this disparate effect. For one, it disparately impacts voters like Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark in rural areas such as Somerset that are not requesting mail-in ballots at as high a rate as other higher-density urban areas are. Thus, the Millers' and Clarks' votes are diluted more than those voters in other counties in Pennsylvania. For another, Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark will not be able to show up to their local voting place and

vote in-person on November 5, 2020. Yet, as a consequence of the Pennsylvania Supreme Court's presumption, ballots that are cast *after* Election Day on November 5, 2020 will count. The Equal Protection Clause does not countenance this type of arbitrary and disparate treatment of voters by how they vote, especially since this relief was not even requested by voting plaintiffs, *Republican Nat'l Comm.*, 140 S. Ct. at 1207, and "[w]ithout further explanation." *Pa. Democratic Party*, 2020 WL 5554644, at *40 (Mundy, J. dissenting).

Accordingly, the Defendants will be purposefully allowing otherwise unlawful votes to be counted, thereby deliberately diluting and debasing Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark lawful votes. And the arbitrary change made by the Pennsylvania Supreme Court to allow this is having a disparate effect on their voting rights. These are clear violations of the Millers' and Clarks' Equal Protection rights under the Fourteenth Amendment.

## II. The Irreparable Harm to Plaintiffs Warrants a Temporary Restraining Order and a Preliminary Injunction

Plaintiffs have demonstrated that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Pennsylvania Supreme Court's decision and the imminent actions of the Defendants to accept ballots cast the legislatively established deadline and after the single, uniform, federal Election Day of November 3, 2020 will have immediate and irreparable effect.

*First*, the nullification of duly-enacted Pennsylvania laws governing this election is *per se* irreparable. "The inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018); *see also New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers). Here, the Pennsylvania Supreme Court erased the clear deadlines set by the Pennsylvania General Assembly, which were consistent with the single, uniform, federal Election Day. The Pennsylvania Supreme

Court's actions are a serious affront to those "statutes enacted by representatives of its people," and thus can only be remedied by immediate injunctive relief. *Maryland v. King*, 567 U.S. 1301, 1301 (2012) (Roberts, C.J., in chambers).

*Second*, this Court "cannot turn back the clock and create a world in which Pennsylvania does not have to administer the [2020] elections under the strictures of the [Pennsylvania Supreme Court's ruling]." *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015). To that end, this Court must act to avoid the irreparability of the acceptance of ballots that have been received after the state law deadline and cast subsequent to the day set by Congress. Similarly, if this Court does not act, each of these late ballots will unlawfully dilute the votes cast by Plaintiffs Donald K. Miller, Debra Miller, Alan Clark, and Jennifer Clark. Further, the acceptance of these ballots treats the Millers' and Clarks' votes in an arbitrary and disparate manner. After all, "[t]he counting of votes that are of questionable legality . . . threaten[s] irreparable harm." *See Bush*, 531 U.S. at 1047 (Scalia, J., concurring).

### III.   The Public Interest and Lack of Harm to Defendants Warrant a Temporary Restraining Order and Preliminary Injunction

The balance of equities and public interest weigh strongly in favor of granting Plaintiffs' motion. Plaintiffs stand to suffer immediate, irreparable harm. To the extent the Defendants' imminent actions pursuant to the Pennsylvania Supreme Court's order are unconstitutional, voters are being told inaccurate information right now about how to lawfully deliver a mail-in ballot in Pennsylvania. Since "public confidence in the integrity of the electoral process has independent significance," the public interest would be further served here by an order that immediately clarifies that Defendants will abide by the single, uniform, federal Election Day set by Congress and the deadlines established by the Pennsylvania General Assembly. *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197 (2008). By contrast, the Defendants can in no way be harmed by

the granting of this motion "because the enforcement of an unconstitutional [practice] vindicates no public interest." *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 114 (3d Cir. 2013) (citing *ACLU v. Ashcroft*, 322 F.3d 240, 251 n.11 (3d Cir.2003) ("[N]either the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law.")). In fact, failing "to intervene to enjoin the likely unconstitutional" actions of Defendants would be *against* the public interest. *One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788, 825 (W.D. Pa. 2013).

## IV.     The Court Should Waive the Bond Requirement or Set Bond at a Nominal Amount

While Federal Rule of Civil Procedure 65 provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined," it is well established that the district court retains discretion to waive the security requirement. In exercising its discretion, a district court should consider (1) "the possible loss to the enjoined party together with the hardship that a bond requirement would impose on the applicant"; and (2) "the impact that a bond requirement would have on enforcement" of an important federal right. *Temple Univ. v. White*, 941 F.2d 201, 220 (3d Cir. 1991). Here, the Plaintiffs seek to protection of their fundamental right to vote. *See Drenth v. Boockvar*, No. 20-cv-829, 2020 WL 2745729, at *7 (M.D. Pa. May 27, 2020). Defendants will not suffer costs and damages from the proposed restraining order and injunction, so Plaintiffs should not be required to post security, or should be required to post only a nominal amount.

## V.     The Court Should Grant a Preliminary Injunction As Soon As Practicable

The standard for granting a preliminary injunction is the same as the standard for granting a temporary restraining order, except that for a preliminary injunction a hearing is necessary.

24

*Trefelner ex rel. Trefelner*, 655 F. Supp. 2d at 589; FED. R. CIV. P. 65. Plaintiffs respectfully request a preliminary injunction and, due to the exigent circumstances of this case with the impending election, request an expedited hearing so that the court may issue its decision on a preliminary injunction as soon as practicable. *Cf. Wiley v. Int'l Ass'n of Machinists & Aerospace Workers*, No. 94 C 3958, 1994 WL 329932, at *1 (N.D. Ill. July 6, 1994) (setting hearing and hearing arguments on motions on same day as filing, in light of election eleven days away).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a temporary restraining order and a preliminary injunction:

(1) Enjoining Defendants from accepting ballots that lack proof of being cast on or before the single, uniform, federal Election Day established by Congress in 2 U.S.C. § 7, and 3 U.S.C. § 1;

(2) Enjoining Defendants from accepting ballots that arrive after the Receipt Deadline established by the General Assembly or following any policy with respect to the receipt of ballots that does not comply with the requirements of the Elections Clause and/or the Electors Clause;

(3) Enjoining Defendants from accepting ballots in a manner that does not comply with the requirements of the Equal Protection Clause.

Plaintiffs request that the temporary restraining order be entered immediately and last until such time as the Court shall decide Plaintiffs' request for a preliminary injunction.

Dated: October 22, 2020

David H. Thompson*
Peter A. Patterson*
Nicole J. Moss*
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
nmoss@cooperkirk.com

     *Pro hac vice* application
forthcoming

Respectfully submitted,

/s/ Bradley A. King
PA ID No. 307090
King Legal Group, LLC
114 North Maple Avenue
Greensburg, PA 15601
Telephone: (724) 836-1500
Fax: (724) 836-1668
bking@kinglg.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd Day of October, 2020, I caused the foregoing document to be filed electronically with the Clerk of the Court through the CM/ECF System for filing and served on counsel registered to receive CM/ECF notifications in this case. I also caused the foregoing document to be e-mailed to the following counsel for Defendants at the email address identified below and if no such email address is identified to be mailed, via First Class mail, to the mailing addresses identified below:

<u>Defendant</u>

**KATHY BOOCKVAR**
*in her capacity as Secretary of the*
*Commonwealth of Pennsylvania*

**Daniel T. Donovan**
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5174
daniel.donovan@kirkland.com

**Howard G. Hopkirk**
Pennsylvania Office of Attorney General
15th Floor
Strawberry Square
Harrisburg, PA 17120
(717) 783-1478
hhopkirk@attorneygeneral.gov

**Karen Mascio Romano**
Pennsylvania Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA 17120
(717) 787-2717
kromano@attorneygeneral.gov

**Keli Marie Neary**
Pennsylvania Office of Attorney General
Civil Law Division
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-1180

1

kneary@attorneygeneral.gov

**Stephen Moniak**
PA Office of Attorney General
Civil Law Division/Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17112
(717) 705-2277
smoniak@attorneygeneral.gov

**Nicole Boland**
PA Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 783-3146
nboland@attorneygeneral.gov

**Caroline Darmody**
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 389-3096
caroline.darmody@kirkland.com

**Daniel T. Brier**
Myers, Brier & Kelly, LLP
425 Spruce Street
Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com

**Donna A. Walsh**
Myers, Brier & Kelly, LLP
425 Spruce Street
Suite 200
Scranton, PA 18503
(570) 342-6100
dwalsh@mbklaw.com

**Jaywin Singh Malhi**
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 909-3296
jaywin.malhi@kirkland.com

**John B. Dempsey**
Myers, Brier & Kelly, LLP
425 Spruce Street
Suite 200
Scranton, PA 18503
(570) 342-6100
jdempsey@mbklaw.com

**Kathleen M. Kotula**
306 North Office Building
401 North Street
Harrisburg, PA 17120
(717) 783-1657
kkotula@pa.gov

**Kenneth L. Joel**
Governor's Office of General Counsel
333 Market Street
17th Floor
Harrisburg, PA 17101
(717) 787-9348
kennjoel@pa.gov

**Kristen Leigh Bokhan**
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 389-5942
kristen.bokhan@kirkland.com

**M. Abbegael Giunta**
Governor's Office of General Counsel
333 Market Street
17th Floor
Harrisburg, PA 17101
(717) 787-9350
magiunta@pa.gov

**Madelyn Morris**
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4680
madelyn.morris@kirkland.com

3

**Michael Glick**
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 879-5000
michael.glick@kirkland.com

**Nicholas F. Kravitz**
Myers, Brier & Kelly, LLP
425 Spruce Street
Suite 200
Scranton, PA 18421
(570) 342-6100
nkravitz@mbklaw.com

**Sara S. Tatum**
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
sara.tatum@kirkland.com

**Susan Marie Davies**
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5992
susan.davies@kirkland.com

**Timothy Gates**
Pennsylvania Department of State
Office of Chief Counsel
306 North Office Building
Harrisburg, PA 17120
(717) 783-0736
tgates@pa.gov

**Defendant**

**ADAMS COUNTY BOARD OF ELECTIONS**

**Molly R Mudd**
County of Adams
117 Baltimore Street
Gettysburg, PA 17325
(717) 337-5911
mmudd@adamscounty.us

**Defendant**

4

| | |
|---|---|
| **ALLEGHENY COUNTY BOARD OF ELECTIONS** | **Andrew F. Szefi**<br>Allegheny County Law Department<br>445 Fort Pitt Boulevard<br>Suite 300<br>Pittsburgh, PA 15219<br>(412) 350-1128<br>aszefi@alleghenycounty.us<br><br>**Allan J. Opsitnick**<br>Allan J. Opsitnick, Esquire<br>564 Forbes Avenue<br>Suite 1301<br>Pittsburgh, PA 15219<br>(412) 391-3299<br>aopsitnick@opsitnickslaw.com<br><br>**George M. Janocsko**<br>Allegheny County Law Department<br>300 Fort Pitt Commons<br>445 Fort Pitt Boulevard<br>Pittsburgh, PA 15219<br>(412) 350-1120<br>gjanocsko@county.allegheny.pa.us |
| **Defendant** | |
| **ARMSTRONG COUNTY BOARD OF ELECTIONS** | **Andrew Sacco**<br>Armstrong County Solicitor<br>160 North McKean Street<br>Kittanning, PA 16201<br>(724) 543-1469<br>sslaw@windstream.net<br><br>**Steven B. Silverman**<br>Babst, Calland, Clements and Zomnir, P.C.<br>Two Gateway Center, 9th Floor<br>Pittsburgh, PA 15222<br>(412) 253-8818<br>ssilverman@babstcalland.com<br><br>**Andrew Degory**<br>Babst Calland Clements and Zomnir, PC<br>603 Stanwix St.<br>Two Gateway Center, 9th Floor<br>Pittsburgh, PA 15222 |

5

(412) 773-8749
adegory@babstcalland.com

**Elizabeth A. Dupuis**
Babst Calland
330 Innovation Blvd.
Suite 302
State College, PA 16803
(814) 867-8055
bdupuis@babstcalland.com

**Molly E. Meacham**
Babst, Calland, Clements and Zomnir, P.C.
Two Gateway Center, Sixth Floor
Pittsburgh, PA 15222
(412) 394-5614
mmeacham@babstcalland.com

**Sean R. Keegan**
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, Floor 6
Pittsburgh, PA 15222
(412) 394-5400
SKeegan@babstcalland.com

**Nathan A. Morgan**
810 Third St
Beaver, PA 15009
(724) 770-4444
nmorgan@beavercountypa.gov

<u>**Defendant**</u>

**BEAVER COUNTY BOARD OF
ELECTIONS**

**Nathan A. Morgan**
810 Third St
Beaver, PA 15009
(724) 770-4444
nmorgan@beavercountypa.gov

<u>**Defendant**</u>

**BEDFORD COUNTY BOARD OF
ELECTIONS**

**Dean A. Crabtree**
Bedford County Solicitor
Koontz & Crabtree
130 W. Penn St. #7

6

Bedford, PA 15522
Dcrabtree.kclaw@comcast.net

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

<u>**Defendant**</u>

**BERKS COUNTY BOARD OF ELECTIONS**

**Christine D Steere**
Deasey, Mahoney & Valentini, Ltd.
103 Chesley Drive
Suite 100
Media, PA 19063
(610) 892-2732
csteere@dmvlawfirm.com

<u>**Defendant**</u>

**BLAIR COUNTY BOARD OF ELECTIONS**

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Nathan W. Karn**
Evey Black Attorneys LLC
401 Allegheny Street
PO Box 415
Hollidaysburg, PA 16648
(814) 695-7581

nkarn@eveyblack.com

**Sean R. Keegan**
(See above for address)

**Defendant**

**BRADFORD COUNTY BOARD OF ELECTIONS**

**Jonathan Foster**
Bradford County Solicitor
303 South Keystone Avenue
Sayre, PA 18840
(570) 888-1529
Jonathan.Jr@fosterslawfirm.com

**Defendant**

**BUCKS COUNTY BOARD OF ELECTIONS**

**Mark A. Aronchick**
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA 19103
(215) 568-6200
maronchick@hangley.com

**Christina Matthias**
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
18th and Cherry Streets, 27th Floor
Philadelphia, PA 19103
(215) 496-7056
cmatthias@hangley.com

**John B. Hill**
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA 19103
(215) 568-6200
jbh@hangley.com

**Joseph J Khan**
County of Bucks
55 East Court Street
Doylestown, PA 18901
(215) 348-6464
jjkhan@buckscounty.org

8

**Michele D. Hangley**
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA 19103
(215) 568-6200
mdh@hangley.com

**Peter V Keays**
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA 19103
(215) 496-7034
pvk@hangley.com

**Robert Wiygul**
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA 19103
(215) 496-7042
rwiygul@hangley.com

**Defendant**

**BUTLER COUNTY BOARD OF ELECTIONS**

**H. William White, III**
Butler County Solicitor
Butler County Courthouse
124 W. Diamond St.
Butler, PA 16001
(724) 284-5381

**Defendant**

**CAMBRIA COUNTY BOARD OF ELECTIONS**

**William Gleason Barbin**
Cambria County Solicitor's Office
200 South Center Street
Cambria County Courthouse
Ebensburg, PA 15931
(814) 472-1607
mkestermont@co.cambria.pa.us

**Defendant**

**CAMERON COUNTY BOARD OF ELECTIONS**

**Edwin w. Thompkins, III**
Cameron County Solicitor
20 E. 5th St.

9

Emporium, PA 15834
(814) 486-1532
ewtompkinslaw@gmail.com

**Defendant**

**CARBON COUNTY BOARD OF
ELECTIONS**

**Gerard Joseph Geiger**
Newman Williams
712 Monroe Street
Stroudsburg, PA 18360
(570) 421-9090
ggeiger@newmanwilliams.com

**Daniel A. Miscavage**
Carbon County Solicitor
Gillespie, Miscavage & Ferdinand, LLC
67 N. Church St.
Hazelton, PA 18201
(570) 235-2770
dam@gmlawoffices.com

**Defendant**

**CENTRE COUNTY BOARD OF
ELECTIONS**

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**CHESTER COUNTY BOARD OF
ELECTIONS**

**Kristine Mayock**
Chester County Deputy Solicitor
313 W. Market St., Suite 6702
West Chester, PA 19380
(610) 344-6195
kmayock@chesco.org

**Mark A. Aronchick**
(See above for address)

**Christina Matthias**
(See above for address)

**John B. Hill**
(See above for address)

**Michele D. Hangley**
(See above for address)

**Robert Wiygul**
(See above for address)

**Defendant**

**CLARION COUNTY BOARD OF ELECTIONS**

**Christopher P. Gabriel**
Carfardi Ferguson Wyrick Weis + Gabriel
2605 Nicholson Road, Suite 2201
Sewickley, PA 15143
(412) 328-5853
cgabriel@cfwwg.com

**Defendant**

**CLEARFIELD COUNTY BOARD OF ELECTIONS**

**Frank A. Blum , III**
Frank A. Blum
1012 Lewis Run Road
Jefferson Hills, PA 15025
(412) 719-7220

**Heather Bozovich**
Clearfield County Solicitor
Lisa Marie Vari & Assoc., P.C.
114 ½ S. Second St.
Clearfield, PA 16830
(614) 290-0587
heather@bozovichlaw.com

**Defendant**

**CLINTON COUNTY BOARD OF ELECTIONS**

**Larry Coploff**
Clinton County Solicitor
Coploff, Ryan, Welch & Houser
136 E. Water St.
Lock Haven, PA 17745
(570) 748-7771

11

lec@crwlaw.net

**Defendant**

| | |
|---|---|
| **COLUMBIA COUNTY BOARD OF ELECTIONS** | **Anthony McDonald**<br>Columbia County Solicitor<br>Marinos, McDonald & Knecht, LLP<br>106 W. Front St.<br>Berwick, PA 18603<br>(570) 520-4019<br>ajm@mmkllp.com |

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**CRAWFORD COUNTY BOARD OF ELECTIONS**

**Keith A. Button**
Shafer Law Firm
890 Market St.
Meadville, PA 16335
(814) 724-4540
kbutton@shaferlaw.com

**Defendant**

**CUMBERLAND COUNTY BOARD OF ELECTIONS**

**Keith O Brenneman**
Law Office of Keith O. Brenneman, P.C.
44 West Main Street
Mechanicsburg, PA 17055
(717) 697-8528
k.brenneman@verizon.net

**Defendant**

**DAUPHIN COUNTY BOARD OF ELECTIONS**

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Joseph A. Curcillo , III**
Dauphin County
2 South Second Street
Harrisburg, PA 17101
(717) 645-4930
jcurcillo@dauphinc.org

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**DELAWARE COUNTY BOARD OF ELECTIONS**

**William F. Martin**
Delaware County Solicitor
Government Center
201 W. Front Street
Media, PA 19063
(610) 891-4074
martinw@co.delaware.pa.us

**Edward D. Rogers**
Ballard Spahr LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103
(215) 864-8144
rogerse@ballardspahr.com

**David S. Fryman**
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
(215) 864-8105
Fryman@ballardspahr.com

13

**Elizabeth Wingfield**
Ballard Spahr LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103
(215) 864-8128
wingfielde@ballardspahr.com

**Kahlil Williams**
Ballard Spahr LLP
1735 Market St Fl 51
Philadelphia, PA 19103-7507
(814) 883-5262
williamskc@ballardspahr.com

**Terence Grugan**
Ballard Spahr
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8320
grugant@ballardspahr.com

**Defendant**

**ELK COUNTY BOARD OF ELECTIONS**

**Tom Wagner**
Elk County Solicitor
Meyer, Wagner, Brown & Kraus
115 Lafayette St.
St. Marys, PA 15857
(814) 781-3445
info@mwbklaw.com

**Defendant**

**ERIE COUNTY BOARD OF ELECTIONS**

**Thomas S. Talarico**
Talarico & Niebauer
510 Cranberry Street
Suite 301
Erie, PA 16507
(814) 459-4472
ttalarico@nwpalawyers.com

**Richard W. Perhacs**
Erie County Chief County Solicitor
Erie County Courthouse, Room 504

14

140 West Sixth St.
Erie, PA 16501
(814) 451-6344
rperhacs@eriecountypa.gov

**Defendant**

**FAYETTE COUNTY BOARD OF ELECTIONS**

**John M. Purcell**
Fayette County Chief Solicitor
55 East Church St.
Uniontown, PA 15401
(724) 430-1200
Jackpurcell146@gmail.com

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**FOREST COUNTY BOARD OF ELECTIONS**

**Timothy R. Bevevino**
Forest County Solicitor
Swanson, Bevevino & Sharp, P.C.
311 Market St.
Warren, PA 16365
(814) 723-2080
attorneys@sbglawoffice.com

**Defendant**

**FRANKLIN COUNTY BOARD OF ELECTIONS**

**Jerrold Sulcove**
Franklin County Solicitor
Black and Davison Law Group
1110 Kennebec Drive
Chambersburg, PA 17201
(717) 264-5194
jerroldsulcove@blackanddavison.com

15

**Andrew W. Norfleet**
Lavery Law
225 Market Street
P.O. Box 1245
Harrisburg, Ste 304
Harrisburg, PA 17101
(717) 233-6633
anorfleet@laverylaw.com

**Frank J. Lavery , Jr.**
Lavery Law
225 Market Street
Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
flavery@laverylaw.com

**Stephen B. Edwards**
Lavery Law
225 Market Street, Ste. 304
Po Box 1245
Harrisburg, PA 17108
(717) 233-6633
sedwards@laverylaw.com

<u>**Defendant**</u>

**FULTON COUNTY BOARD OF ELECTIONS**

**James M. Stein**
Fulton County Solicitor
Dick, Stein, Schemel, Wine & Frey, LLP
13 West Main Street, Suite 210
Waynesboro, PA 17268
(717) 762-1160
dsslaw@dsslawyers.com

<u>**Defendant**</u>

**GREENE COUNTY BOARD OF ELECTIONS**

**Robert Eugene Grimm**
Solicitor for Greene County
Third Floor Room 304
County Office Building
93 East High Street

16

Waynesburg, PA 15370
(724) 569-2819
rgrimm@co.greene.pa.us

**Defendant**

**HUNTINGDON COUNTY BOARD OF
ELECTIONS**

**Peter M. Mcmanamon**
Gill, McManamon & Ghaner
200 Penn Street
Huntingdon, PA 16652
(814) 643-2460
pmcmanamon@penn.com

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**INDIANA COUNTY BOARD OF
ELECTIONS**

**Matthew Budash**
Indiana County Solicitor
Budash & Welch, LLP
120 S. 7th St.
Indiana, PA 15701
(724) 463-6050
mtb@bwlaw120.com

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

17

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**JEFFERSON COUNTY BOARD OF ELECTIONS**

**C.J. Zwick**
Zwick & Zwick LLP
171 Beaver Drive
P.O. Box 1127
DuBois, PA 15801
(814) 371-6400
cjz@zwick-law.com

**Gregory D. Sobol**
275 Main Street
Suite 2
Brookville, PA 15825
(814) 849-0595
gds@zwick-law.com

**Defendant**

**JUNIATA COUNTY BOARD OF ELECTIONS**

**Donald K. Zagurskie**
Johnston & Zagurskie, PC
117 Main Street
PO Box O
Mifflin, PA 17058
(717) 436-8044
jzmlawoffice@gmail.com

**Defendant**

**LACKAWANNA COUNTY BOARD OF ELECTIONS**

**Frank J. Ruggiero**
Lackawanna County Solicitor
123 Wyoming Ave., 6th Fl.
Scranton, PA 18503
(570) 451-0600
RuggieroF@lackawannacounty.org
**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**

18

(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**LANCASTER COUNTY BOARD OF ELECTIONS**

**Christina L Hausner**
County of Lancaster
150 N. Queen Street
Suite 714
Lancaster, PA 17603
(717) 735-1584
chausner@co.lancaster.pa.us

**Defendant**

**LAWRENCE COUNTY BOARD OF ELECTIONS**

**Steven B. Silverman**
(See above for address)

**Thomas W. Leslie**
116 N Mercer St
New Castle, PA 16101
(724) 654-8101
twleslie@twlpc.com

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**LEBANON COUNTY BOARD OF ELECTIONS**

**David R. Warner, Jr.**
Lebanon County Solicitor
Buzgon David Law Offices
525 South Eighth Street
Lebanon, PA 17042

(717) 274 1421
warner@buzgondavis.com

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Steven B. Silverman**
(See above for address)

<u>**Defendant**</u>

**LEHIGH COUNTY BOARD OF ELECTIONS**

**Thomas M. Caffrey**
Thomas M. Caffrey
PO BOX A
Coplay, PA 18037-0200
(610) 434-4418
tcaffrey@rcn.com

**Sarah Mae Murray**
County of Lehigh
17 S. 7th St.
Lehigh County Government Center
Allentown, PA 18101
(610) 782-3180
sarahmurray@lehighcounty.org

<u>**Defendant**</u>

**LUZERNE COUNTY BOARD OF ELECTIONS**

**Romilda Crocarno**
Luzerne County Chief Solicitor
200 N. River Street
Wilkes-Barre, PA 18711
(570) 290-0569
Romilda.Crocamo@luzernecounty.org

20

**Lawrence J. Moran, Jr**
Joyce, Carmody & Moran, PC
9 N. Main Street
Suite 4
Pittston, PA 18640
(570) 602-3560
ljm@joycecarmody.com

**Matthew J. Carmody**
Joyce, Carmody & Moran, P.C.
9 N. Main Street
Suite 4
Pittston, PA 18640
(570) 602-3560
mjc@joycecarmody.com

**Regina M. Blewitt**
Joyce Carmody Moran
9 N Main St
Suite 4
18640
Pittston, PA 18503
(570) 602-3560
rmb@joycecarmody.com

**Defendant**

**LYCOMING COUNTY BOARD OF ELECTIONS**

**Joseph D. Smith**
McCormick Law Firm
835 West Fourth Street
P.O. Box 577
Williamsport, PA 17701
(570) 326-5131
dsmith@mcclaw.com

**Defendant**

**MCKEAN COUNTY BOARD OF ELECTIONS**

**Anthony V. Clarke**
The Clarke Firm
204 Bolivar Drive
Bradford, PA 16701
(814) 363-9990
theclarkefirm@yahoo.com

**Defendant**

21

**MERCER COUNTY BOARD OF ELECTIONS**

**William J. Madden**
Mercer County Solicitor
165 Euclid Ave.
Sharon, PA 16146
(724) 342-1300
wjmpc@verizon.net

**Defendant**

**MIFFLIN COUNTY BOARD OF ELECTIONS**

**Steve S. Snook**
Mifflin County Solicitor
BMZ Law
20 South Wayne St.
Lewiston, PA 17044
(717) 363-0342
ssnook@bmzlaw.com

**Defendant**

**MONROE COUNTY BOARD OF ELECTIONS**

**John B. Dunn**
Monroe County Solicitor
Matergia & Dunn
919 Main St.
Stroudsburg, PA 18360
(570) 421-7720

**Gerard Joseph Geiger**
(See above for address)

**Defendant**

**MONTGOMERY COUNTY BOARD OF ELECTIONS**

**Mark A. Aronchick**
(See above for address)

**Christina Matthias**
(See above for address)

**John B. Hill**
(See above for address)

**Maureen Calder**
Montgomery County Solicitor's Office
One Montgomery Plaza
Suite 800
Norristown, PA 19404
(610) 278-3033
mcalder@montcopa.org

**Michele D. Hangley**
(See above for address)

**Robert Wiygul**
(See above for address)

**Defendant**

**MONTOUR COUNTY BOARD OF ELECTIONS**

**Michael P. Dennehy**
Montour County Solicitor
Marks, McLaughlin, Dennehy & Piontek, LLP
42 West Market St.
Danville, PA 17821
(570) 275-3411
info@mmdplaw.com

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**NORTHAMPTON COUNTY BOARD OF ELECTIONS**

**Brian Taylor**
Northampton County Courthouse
669 Washington Street
Office of The Solicitor
Easton, PA 18042
(610) 829-6350
eduddy@northamptoncounty.org

**Richard E Santee**
County of Northampton
669 Washington Street
Easton, PA 18042
(610) 829-6350
eduddy@northamptoncounty.org

**Timothy P Brennan**
County of Northampton
669 Washington Street
Ste Easton
PA, PA 18042
(610) 829-6350
eduddy@northamptoncounty.org

**Defendant**

**NORTHUMBERLAND COUNTY
BOARD OF ELECTIONS**

**Frank W. Garrigan**
Northumberland County Solicitor
Garrigan & Targonski
112 E. Independence St.
Sharnokin, PA 17872
(570) 648-6868
fwgarrigan@gmail.com

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**PERRY COUNTY BOARD OF
ELECTIONS**

**William R. Bunt**
Perry County Solicitor
109 S. Carlisle St.
P.O. Box 336
New Bloomfield, PA 17068
(717) 582-8195
wrb@pa.net

**Andrew W. Norfleet**
(See above for address)

**Frank J. Lavery , Jr.**
(See above for address)

**Stephen B. Edwards**
(See above for address)

**Defendant**

**PHILADELPHIA COUNTY BOARD OF ELECTIONS**

**Marcel S. Pratt**
Philadelphia County Solictor
City of Philadelphia Law Dept.
1515 Arch St., Fl. 17
Philadelphia, PA 19102
(215) 683-5003
Marcel.pratt@phila.gov

**Mark A. Aronchick**
(See above for address)

**Christina Matthias**
(See above for address)

**John B. Hill**
(See above for address)

**Michele D. Hangley**
(See above for address)

**Robert Wiygul**
(See above for address)

**Zachary Strassburger**
City of Philadelphia Law Department
1515 Arch St
Ste 17th Floor
Philadelphia, PA 19102
(215) 683-2998
zachary.strassburger@phila.gov

**Defendant**

**PIKE COUNTY BOARD OF ELECTIONS**

**Christian E. Weed**
Pike County Solicitor
Farley & Bernathy, LLC
2523 Route 6, Suite 1
Hawley, PA 18428
(570) 226-5771

cweed@kfblawoffice.com

**Gerard Joseph Geiger**
(See above for address)

**Defendant**

| | |
|---|---|
| **POTTER COUNTY BOARD OF ELECTIONS** | **Thomas R. Shaffer** |
| | Glassmire & Shaffer Law Offices |
| | 5 East Third Street |
| | P.O. Box 509 |
| | Coudersport, PA 16915 |
| | (814) 274-7292 |
| | tomshaffer@verizon.net |

**Defendant**

| | |
|---|---|
| **SCHUYLKILL COUNTY BOARD OF ELECTIONS** | **Christopher W. Hobbs** |
| | Schuylkill County Assistant Solicitor |
| | 401 North Second Street |
| | Pottsville, PA 17901 |
| | (570) 628-1129 |
| | chobbs@co.schuylkill.pa.us |

**Gerard Joseph Geiger**
(See above for address)

**Defendant**

| | |
|---|---|
| **SNYDER COUNTY BOARD OF ELECTIONS** | **Robert M. Cravitz** |
| | Snyder County Solicitor |
| | Cravitz Law Office |
| | 503 N. Market St. |
| | Selinsgrove, PA 17870 |
| | (570) 374-5070 |
| | clawoff@hotmail.com |

**Gerard Joseph Geiger**
(See above for address)

**Defendant**

| | |
|---|---|
| **SOMERSET COUNTY BOARD OF ELECTIONS** | **Michael P. Barbera** |
| | Barbera, Melvin, Svonavec & Sperlazza LLP |
| | 146 West Main Street, P.O. Box 775 |
| | Somerset, PA 15501 |
| | (814) 443-4681 |
| | mpbarbera@barberalaw.com |

**Defendant**

**SULLIVAN COUNTY BOARD OF ELECTIONS**

Kenneth R Levitzky
Kenneth R. Levitzky, Esquire
125 Churchill Street
P.O. Box 489
Dushore, PA 18614
(570) 928-8288
krllaw@epix.net

**Defendant**

**SUSQUEHANNA COUNTY BOARD OF ELECTIONS**

Francis X. O'Connor
Susquehanna County Solicitor
236 Main Street, PO Box 591
Great Bend, PA 18821
(570) 879-2534
fxoconnor@frontiernet.net

Robert Gawlas
Rosenn Jenkins & Greenwald LLP
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5654
rlgawlas@rjglaw.com

Robert Schaub
Rosenn Jenkins & Greenwald LLP
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5652
rschaub@rjglaw.com

**Defendant**

**TIOGA COUNTY BOARD OF ELECTIONS**

Stephanie L. Fera
Cafardi Ferguson Wyrick Weis & Gabriel LLC
2605 Nicholson Road, Suite 2201
Sewickley, PA 15143
(412) 515-8900
sfera@cfwwg.com

**Defendant**

**UNION COUNTY BOARD OF ELECTIONS**

Jonathan DeWald
Union County Solicitor
McNerney, Page, Vanderlin & Hall
433 Market Street
Williamsport, PA 17701

(570) 326-3170
jdewald@mpvhlaw.com

**Steven B. Silverman**
(See above for address)

**Allen P. Page**
McNerney, Page, Vanderlin & Hall
433 Market Street
Williamsport, PA 17701
570-326-6555
apage@mpvhlaw.com

**Sean R. Keegan**
(See above for address)

**Defendant**

**VENANGO COUNTY BOARD OF ELECTIONS**

**Richard Winkler**
Venango County Solicitor
Butcher & Winkler
123 N. Franklin St.
Titusville, PA 16354
(814) 827-9002
rwinkler@zoominternet.net

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

**Defendant**

**WARREN COUNTY BOARD OF ELECTIONS**

**Nathaniel Justus Schmidt**
Schmidt Law Firm

315 Second Avenue, Suite 704
P. O. Box 746
PA
Warren, PA 16365
814-723-8665
contact@theschmidtlawfirm.com

**Defendant**

**WASHINGTON COUNTY BOARD OF ELECTIONS**

**Robert J. Grimm**
Swartz Campbell
Suite 4750 US Steel Tower
600 Grant Street
Pittsburgh, PA 15219
(412) 560-3267
Fax: (412) 471-1106
rgrimm@swartzcampbell.com

**Ryan Michael Joyce**
Swartz Campbell, LLC
4750 US Steel Tower
600 Grant Street
Pittsburgh, PA 15219
412-560-3272
Fax: 412-471-1107
rjoyce@swartzcampbell.com

**Defendant**

**WAYNE COUNTY BOARD OF ELECTIONS**

**Wendell Kay**
Wayne County Solicitor
1104 Court St.
Honesdale, PA 18431
(570) 253-6643
wkay@waynecountypa.gov

**Gerard Joseph Geiger**
(See above for address)

**Defendant**

**WESTMORELAND COUNTY BOARD OF ELECTIONS**

**Melissa Guiddy**
Westmorland County Solicitor
2 N. Main Street, Ste. 103
Greensburg, PA 15601
(724) 830-3145
solicitor@co.westmoreland.pa.us

29

**David A. Regoli**
333 Freeport Street
Suite 201
New Kensington, PA 15068
(724) 335-0500
Fax: 724-335-1122
regoli@regolilaw.com

**Defendant**

**WYOMING COUNTY BOARD OF
ELECTIONS**

**Kenneth R Levitzky**
(See above for address)

**Defendant**

**YORK COUNTY BOARD OF
ELECTIONS**

**Michelle Pokrifka**
York County Solicitor's Office
28 East Market Street
2nd Floor
York, PA 17401
717-771-4777
apuleo@yorkcountypa.gov

**Steven B. Silverman**
(See above for address)

**Andrew Degory**
(See above for address)

**Elizabeth A. Dupuis**
(See above for address)

**Molly E. Meacham**
(See above for address)

**Sean R. Keegan**
(See above for address)

/s/ Bradley A. King
Bradley A. King

David H. Thompson*                    PA ID No. 307090
Peter A. Patterson*                   King Legal Group, LLC
Nicole J. Moss*                       114 North Maple Avenue
Cooper & Kirk, PLLC                   Greensburg, PA 15601
1523 New Hampshire Ave., N.W.         Telephone: (724) 836-1500
Washington, D.C. 20036                Fax: (724) 836-1668
Telephone: (202) 220-9600             bking@kinglg.com
Fax: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
nmoss@cooperkirk.com

    *Pro hac vice* application       *Attorneys for Plaintiffs*
forthcoming