IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIM BOGNET, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | NO. 3:20-cv-00215-KRG |
| | : | |
| v. | : | |
| | : | |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER RELATED CASE PURSUANT TO LOCAL CIVIL RULE 40**

For the last several months, the subject matter of this action—Pennsylvania's mail-in and absentee balloting procedures—has been the subject of intensive litigation in two lawsuits before another judge in this District, the Honorable J. Nicholas Ranjan. In those actions, one pending and one recently completed, Judge Ranjan has reviewed hundreds of filings, held arguments, issued a 138-page summary judgment opinion, and ruled on many other motions. Judge Ranjan is thus deeply familiar with the newly enacted statutory amendments that govern mail-in and absentee balloting in Pennsylvania and with the Commonwealth and county board of elections' procedures for receiving and canvassing ballots.

The Commonwealth has litigated hundreds of cases before this Court, and has complete confidence that the assigned judge will preside over this case effectively and fairly. However, this case presents extraordinary time pressures; Plaintiffs seek to change the rules governing an election that is little more than a week away. Judge Ranjan has been immersed in the subject matter of this litigation for several months and is familiar with the facts, parties, and issues, and therefore may be in a position to handle the case more efficiently than are other judges of this Court. Because Judge Ranjan has presided over one related case and is presiding over a second one, and because a transfer would otherwise be in the interest of justice, transfer to Judge Ranjan is appropriate under Local Civil Rule 40 and 28 U.S.C. § 1404(b). Accordingly, Defendant Kathy Boockvar, in her capacity as Secretary of the Commonwealth of Pennsylvania, respectfully requests that the Court transfer this action.

## I. Factual Background

The case of *Donald J. Trump for President, et al., v. Kathy Boockvar, in her official capacity as Secretary of the Commonwealth of Pennsylvania, et al.*, Case No. 2:20-cv-00966-NR, was filed on June 29, 2020, against the same defendants named in this action—Secretary Boockvar and the Commonwealth of Pennsylvania's 67 county boards of elections. It raised a host of issues related to Pennsylvania's complex election system. These included many details relating to

the receipt and "canvass" (examining ballot envelopes, opening them, and tabulating the votes) of mail-in and absentee ballots. *See, e.g.*, Opinion dated October 10, 2020, ECF No. 574, attached as Exhibit 1, at 19-38 (ballot return by drop box), 68-93 (same), 38-43 (canvassing), 93-116 (same). In the three and a half months that *Trump v. Boockvar* was pending before Judge Ranjan, the case generated 575 docket entries, relating to, among other things, various motions to intervene, abstention, a motion to enjoin counting of ballots, and discovery issues. *See* Docket attached as Ex. 2. On October 10, Judge Ranjan ruled on the parties' cross-motions for summary judgment, issuing a 138-page Opinion that closely examined Pennsylvania's Election Code and many of the state's existing election procedures, including those relating to canvassing. ECF No. 574, Ex. 1.

*Parnell, et al., v. Allegheny County Board of Elections, et al.*, Case No. 2:20-cv-1570-NR, was filed on October 16, 2020, against the Allegheny County Board of Elections (a defendant in this case and in *Trump v. Boockvar*) and members of Allegheny County's administration. Like *Trump v. Boockvar*, *Parnell* challenges aspects of the ways in which the county canvasses mail-in and absentee ballots. *See* First Amended Complaint dated Oct. 22, 2020, ECF No. 28, attached as Ex. 3, at 10-13. Also like *Trump v. Boockvar*, *Parnell* has been actively litigated; the Plaintiffs have amended their Complaint, several third parties have been given leave to intervene, the parties have filed supplemental briefing and status reports,

and the Court has held two status conferences and ruled on a portion of the relief sought. *See* Docket attached as Ex. 4.

This case, like *Trump v. Boockvar* and *Parnell*, turns on allegations of improper return and canvassing of absentee and mail-in ballots.  ECF 1 ¶¶ 68-71. Plaintiffs also allege that they are harmed by a disparity in ballot application rates in different counties. ECF 1 ¶¶ 40-50. Plaintiffs seek a broadly worded order enjoining Defendants from 1) accepting ballots that arrive after 8PM on Election Day; 2) accepting ballots that lack "proof" that they were cast before that deadline; 3) "following any policy with respect to the receipt of deadlines that does not comply with the requirements of the Elections Clause and/or the Electors Clause," and 4) "accepting ballots in a manner that does not comply with the requirements of the Equal Protection Clause." ECF 6 at 25. They do not deny that a grant of this relief would require Defendants to change their ballot canvassing procedures on the eve of an election, but allege that this relief will not cause Defendants any harm and will not cause them to suffer costs or damages. *Id.* at 23-24.

## II.  Argument

Under Local Civil Rule 40(E), a judge may transfer a case to another judge of this Court if the judge determines that the case is "related" to a case before that judge "or the transfer would promote the convenience of the parties or witnesses or the just and efficient conduct of the action." L.R. 40(E). Because Judge Ranjan sits

in the Pittsburgh Division, the Court must also consider 28 U.S.C. § 1404, which requires a finding that the transfer is "convenient" and "in the interest of justice." Here, transfer is appropriate under both prongs of L.R. 40(E) and under Section 1404: This action is "related" to the actions before Judge Ranjan, a transfer would advance "the just and efficient conduct of the action," and the transfer would be convenient to the parties and would serve justice.

In this District, "civil actions are deemed related when an action filed … involves the same issue of fact, or it grows out of the same transaction as another action …." L.R. 40(D). Here, *Trump v. Boockvar* and *Parnell* share significant factual issues with this case. Plaintiffs' factual allegations relate to mail-in and absentee ballot applications, returns, and canvassing, and the likelihood that ballots will be returned in violation of the law—facts that are, or recently were, before Judge Ranjan. *See supra* § I. If the Court reaches the merits of Plaintiffs' claims and considers a remedy, it will have to assess the extent to which Plaintiffs' proposed relief will disrupt the counties' canvassing procedures—procedures that were or are at issue in both *Trump v. Boockvar* and *Parnell*. *Id.*

The urgency of this case and its complexity further support a conclusion that a transfer will "promote the convenience of the parties or witnesses or the just and efficient conduct of the action" under L.R. 40(E) and will be "convenient" and "in the interest of justice" under 28 U.S.C. § 1404. Judge Ranjan has become familiar

with the complex, and newly amended, body of law governing Pennsylvania's elections. His chambers has developed procedures for communicating with the 68 named defendants. He has been called upon to analyze the lengthy Pennsylvania Supreme Court opinion that Plaintiffs take issue with in their Complaint. Ex. 1 at 10-13. Given the urgency of this matter, this Court may well conclude that Judge Ranjan is in the best position to quickly resolve the issues presented.

This case is easily distinguished from *Zanghi v. Freightcar America, Inc.*, in which this Court declined to transfer a case to the Pittsburgh Division. In that case, the Court determined that, although the case was "related" to cases in the Pittsburgh Division, there was no showing that "the Pittsburgh Division would handle this matter more expeditiously" or that a transfer was "in the interests of justice or the convenience of the parties." 38 F.Supp.3d 631, 643 (W.D. Pa. 2014) (Gibson, J.). Neither of the factors the Court relied upon in *Zanghi* apply here. First, the Court found, the Pittsburgh Division judges involved in the related cases were not in any position to handle the case more expeditiously; one was no longer on the bench, and the other had issued only one substantive decision. *Id.* Here, Judge Ranjan's handling of *Trump v. Boockvar* and *Parnell* will likely expedite handling of this case.

Second, this Court found in *Zanghi*, the Johnstown venue was not only "convenient" to all of the parties, but was the "most appropriate venue" for the

case. The defendants were based in Johnstown, and many of the plaintiffs lived in Cambria County. *Id.* Here, there is no particular connection between the Johnstown Division and this case. Plaintiffs allege that relevant events are taking place throughout the Western District, not specifically in the Johnstown Division. ECF 1 ¶ 9. Secretary Boockvar's office is in Harrisburg; the other Defendants are spread across the Commonwealth. The lead plaintiff comes from Hazleton, Pennsylvania, in the Middle District. The remaining plaintiffs live in Somerset County. Plaintiffs have offered no reason that a Johnstown venue is more appropriate or more convenient for the parties than a Pittsburgh venue.

## III. Conclusion

For the reasons stated above, Secretary Boockvar respectfully requests an expeditious transfer of this case to Judge Ranjan's docket.

                    Respectfully submitted,

                    HANGLEY ARONCHICK SEGAL
                    PUDLIN & SCHILLER

Dated: October 24, 2020    By: */s/ Mark A. Aronchick*
                                    Mark A. Aronchick (ID No. 20261)
                                    Michele D. Hangley (ID No. 82779)*
                                    Robert A. Wiygul (I.D. No. 310760)*
                    One Logan Square, 27th Floor
                    Philadelphia, PA 19103
                    Tel: (215) 568-6200
                    Fax: (215) 568-0300

                    *Counsel for Defendant Kathy Boockvar, in her capacity as Secretary of the Commonwealth of Pennsylvania*

                    *Pro hac vice motion pending*
                    OFFICE OF ATTORNEY GENERAL

                    By: */s/ Karen M. Romano*
                                    Karen M. Romano (ID No. 88848)
                                    Keli M. Neary (ID No. 205178)*
                                    Stephen M. Moniak (ID No. 80035)
                    Strawberry Square, 15th Floor
                    Harrisburg, PA 17120
                    (717) 787-2717

                    *Counsel for Defendant Kathy Boockvar, in her capacity as Secretary of the Commonwealth of Pennsylvania*

                    *Pro hac vice motion pending*

## **CERTIFICATE OF SERVICE**

I, Mark A. Aronchick, certify that on the 24th day of October, 2020, a copy of the foregoing Memorandum of Law in Support of Motion to Transfer Related Case Pursuant to Local Civil Rule 40 was served by ECF filing on all counsel.

*/s/ Mark A. Aronchick*
Mark A. Aronchick