**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

Civil Action No. 3:20-CV-215

| | |
|---|---|
| JIM BOGNET, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*<br><br>Defendants. | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT BOOCKVAR'S MOTION TO TRANSFER RELATED CASE PURSUANT TO LOCAL CIVIL RULE 40** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER RELATED CASE PURSUANT TO LOCAL CIVIL RULE 40**

**INTRODUCTION**

Despite the exigencies of this case, Defendant Boockvar's immediate response to Plaintiffs' motion for a temporary restraining order and preliminary injunction was not to address the motion on the merits but rather an attempt to have the case moved to a different courtroom. Defendant Boockvar's motion to transfer is wholly lacking in merit, and the Court should promptly deny it. Indeed, (1) the Plaintiffs' case and the issues presented are distinct from those presented in *Donald J. Trump for President, et al., v. Kathy Boockvar, in her official capacity as Secretary of the Commonwealth of Pennsylvania, et al.*, No. 2:20-cv-00966-NR and *Parnell, et al., v. Allegheny County Board of Elections, et al.*, No. 2:20-cv-1570-NR, in front of the Hon. J. Nicholas Ranjan, and (2) transfer would lead to prejudicial delay and thus promote neither convenience nor the just and efficient conduct of this action.

1

## I. This Case is Distinct from *Trump v. Boockvar* and *Parnell v. Allegheny County Board of Elections*

A case is only related under Local Rule 40 if it "involves the same issues of fact or it grows out of the same transactions." W.D. PA. R. 40. Defendant Boockvar argues that these cases are sufficiently related because plaintiffs in *Trump v. Boockvar* and *Parnell* also include allegations relating to mail-in voting. *See* Mem. of Law in Support of Mot. to Transfer, Doc. 26 at 5 (Oct. 24, 2020) ("Defs.' Mot. to Transfer"). But Defendant Boockvar fails to even acknowledge that Plaintiffs' claims are completely distinct and that they arise from Defendants' implementation of the Pennsylvania Supreme Court's recent decision—an issue that was not at all litigated in either case Defendant Boockvar cites.

In the present dispute, Plaintiffs raise claims related to (1) the unconstitutional extension of the Receipt Deadline, (2) the unconstitutional vote dilution of the Millers' and Clarks' votes, (3) the arbitrary and disparate treatment of their votes, and (4) the creation of multiple Election Days. With respect to *Trump v. Boockvar*, as Judge Ranjan himself acknowledged in his order, dated October 10, the *Trump* Plaintiffs:

> originally filed this suit, alleging federal and state constitutional violations stemming from Pennsylvania's implementation of a mail-in voting plan for the upcoming general election. Since then, the Pennsylvania Supreme Court issued a decision involving similar claims, *which substantially narrowed the focus of this case*. And Secretary of the Commonwealth, Kathy Boockvar, issued additional election "guidance," which further *narrowed certain of the claims*. Therefore, as this case presently stands, only three claims remain.

*Donald J. Trump for President, Inc. v. Boockvar*, No. 2:20-CV-966, 2020 WL 5997680, at *1 (W.D. Pa. Oct. 10, 2020) (emphasis added). Judge Ranjan's order thus explicitly makes clear that the *Trump v. Boockvar* case did *not* include allegations regarding the Pennsylvania Supreme Court's decision nor Defendant Boockvar's implementation of that order—it resolved narrow claims outside of that decision. In fact, the three issues Judge Ranjan decided were related to ballot

2

dropboxes, voter signature match guidance, and restrictions on poll watchers. These legal issues are quite clearly distinct from the issues presented in this case.

The *Parnell* case is no more related to Plaintiffs' case than *Trump v. Boockvar*. In *Parnell*, two congressional candidates and two Allegheny County voters seek relief relating to the Allegheny County Board of Elections' administration of Allegheny County satellite offices for Allegheny County residents. *See* Compl., *Parnell v. Allegheny County Board of Elections*, No. 2:20-cv-1570-NR (W.D. Pa.), Doc. 26-4 *1–2 (Oct. 24, 2020). The Allegheny County specific claims made by the *Parnell* plaintiffs are wholly dissimilar to the claims at issue here. In *Parnell*, the plaintiffs seek relief from (1) the lack of poll watchers at the Allegheny County Board of Elections' Satellite Offices, and (2) the $10.00 per ballot fee that is charged to challenge 28,879 miscast votes in Allegheny County. *Id.* at *12–14.

Defendant Boockvar accordingly has not shown that either *Trump v. Boockvar* or *Parnell* are related to Plaintiffs' claims

## II. Transferring this Case Would Result in Prejudicial Delay

As Defendant Boockvar acknowledges, there is a need to "quickly resolve the issues presented" in this Case. Defs.' Mot. To Transfer at 6. Plaintiffs agree. Yet, the need to quickly resolve this dispute counsels in favor of denying Defendant Boockvar's motion. It is no hyperbole to say that in this case each day counts. The single, uniform, federal Election Day is on November 3, 2020. Under the laws passed by the General Assembly, all ballots are due at 8:00 p.m. on that day. To ensure the lawful counting of votes and the reception of ballots by that deadline, speed is of the essence in the resolution of this case. While the cases before Judge Ranjan dealt with other issues in Pennsylvania's voting procedures, the issues decided by Judge Ranjan have little bearing on the expeditiousness with which Judge Ranjan could resolve Plaintiffs' wholly distinct claims.

And any possible transfer, just as a matter of practicality, will cause a delay of a couple days or more. With the impending election, even a one or two-day delay will cause prejudice. *Cf. Bibiano v. Lynch*, 834 F.3d 966, 974 (9th Cir. 2016) (denying transfer because "transferring the case would waste judicial resources and cause unnecessary delay"); *Douglas v. Chariots for Hire*, 918 F.Supp.2d 24, 33 (D.D.C. 2013) ("[P]otential speed of resolution is an appropriate factor to be considered by district courts in the motion-to-transfer analysis" (internal quotation marks omitted; quoting *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C.Cir.1974))).

Instead, the best way to proceed to the just and efficient resolution of the issues in this case is for this Court to decide the issues presented to it. After all, this Court already has had this case since Thursday morning and has already set a hearing date for Tuesday. In a situation where every day counts and every unlawful vote is an injury, the head start that this Court has over any transferee court will promote the just and efficient resolution of the issues presented by Plaintiffs and preventing Plaintiffs' imminent injuries.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Boockvar's motion to transfer.

| | |
|---|---|
| Dated: October 25, 2020 | Respectfully submitted, |
| David H. Thompson* <br> Peter A. Patterson* <br> Nicole J. Moss* <br> Cooper & Kirk, PLLC <br> 1523 New Hampshire Ave., N.W. <br> Washington, D.C. 20036 <br> Telephone: (202) 220-9600 <br> Fax: (202) 220-9601 <br> dthompson@cooperkirk.com <br> ppatterson@cooperkirk.com <br> nmoss@cooperkirk.com <br><br> *Appearing Pro hac vice* | /s/ Bradley A. King <br> PA ID No. 307090 <br> King Legal Group, LLC <br> 114 North Maple Avenue <br> Greensburg, PA 15601 <br> Telephone: (724) 836-1500 <br> Fax: (724) 836-1668 <br> bking@kinglg.com <br><br><br> *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing, and served on counsel registered to receive CM/ECF notifications in this case.

    /s/ Bradley A. King
    Bradley A. King