IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 3:20-CV-00215-KRG

| | |
|---|---|
| JIM BOGNET, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF GOVERNOR ARNOLD SCHWARZENEGGER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

*Amicus curiae* Arnold A. Schwarzenegger respectfully moves pursuant to Federal Rule of Civil Procedure 7(b)(1) for leave to file a brief as *amicus curiae* in support of Defendants' opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction (ECF No. 6), filed October 22, 2020. A copy of the brief that the *amicus* seeks to file is attached to this motion as Exhibit A.

1. On October 25, 2020, counsel for *amicus* notified counsel of record for all parties that had appeared as of 2:00 p.m. that day of the intent to file this motion. Plaintiffs, Defendant Secretary Boockvar, and Defendant the Berks County Board of Elections take no position on the motion. The remaining Defendants could not be reached for their positions on this motion before it was filed.

1

2. The proposed *amicus*, Arnold A. Schwarzenegger, served as the Governor of California from 2003 to 2011.  During his tenure, Governor Schwarzenegger successfully advocated for ballot measures amending the California Constitution to dramatically reform the state's election process.  In 2008 and 2010, he championed two successful ballot initiatives establishing non-partisan redistricting commissions, and in 2010 he led the effort to reform primaries for congressional and state elections.  After leaving office, in 2012 he helped found the Schwarzenegger Institute for State and Global Policy at the Sol Price School of Public Policy, University of Southern California, committed to advancing post-partisanship where leaders put people over political parties and work together to find the best ideas and solutions to benefit the people they serve.  He has participated as an *amicus* in numerous cases raising fundamental questions about the constitutional limits on redistricting, and about how state constitutions can protect the fairness and openness of elections where the federal constitution does not.  *See, e.g.*, *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019); *Gill v. Whitford*, 138 S. Ct. 1916 (2018); *Citizens Protecting Michigan's Constitution v. Secretary of State*, 921 N.W.2d 247, 249 (Mich. 2018).  And he has successfully advocated for constitutional redistricting reforms in other states across the country, including Michigan, Missouri, and Colorado.  Edward-Isaac Dovere, *Arnold Schwarzenegger's War on Gerrymandering Is Just Beginning*, The Atlantic (Nov. 9, 2018), https://bit.ly/2J2gqbp.

3. Governor Schwarzenegger seeks to file this brief to highlight that Plaintiffs' theory of the Elections and Electors Clauses not only would require this Court to disregard eight U.S. Supreme Court precedents, but also would upend our federalist system and undo the balance that the Supreme Court struck in *Rucho*.  The extraordinary theory that state courts cannot review state legislation regulating federal elections could effectively nullify dozens of

state constitutional provisions across the country that expressly protect elections and voting rights. The threat would be particularly acute in the realm of redistricting, where just last year the Supreme Court emphasized that "[p]rovisions in … state constitutions can provide standards and guidance for state courts to apply" in reviewing legislation enacted by state legislatures pursuant to the Elections Clause. *Rucho*, 139 S. Ct. at 2507.

4. Having fought to enact redistricting reforms through state constitutional amendments in states across the country, including in California, Governor Schwarzenegger has a powerful, vested interest in the continued vitality of state constitutional provisions governing elections and in guaranteeing that state courts can enforce those provisions when necessary.

For the foregoing reasons, the Court should grant leave to file the proposed *amicus curiae* brief attached as Exhibit A to this motion.

\*    \*    \*

Dated: October 26, 2020                                   Respectfully Submitted,

/s/ Philip W. Marsh_____
Philip W. Marsh
ARNOLD & PORTER
  KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
philip.marsh@arnoldporter.com

R. Stanton Jones*
Elisabeth S. Theodore*
Daniel F. Jacobson*
Samuel F. Callahan*
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
stanton.jones@arnoldporter.com

*No admitted to practice in the Western District of Pennsylvania*

*Counsel for Amicus Curiae*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on October 26, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record.

                                                    /s/ Philip W. Marsh _____
                                                    Philip W. Marsh